R. B. POST AND A. M. HOBBY, APPELLANTS, VS. E. C. LOVE AS EXECUTOR OF MARY A. GILCHRIST, GARNISHEE, APPELLEE.

1. A writ of garnishment will not lie against an executor during the progress of the administration of an estate to reach a legacy bequeathed to a debtor.

2. Whether such garnishment may be sustained after an accounting in the Probate office, and an order made directing payment of the legacy, *quere?*

Appeal from the Circuit Court for Gadsden county.

Post & Hobby are judgment and execution creditors of A. L. and A. W. Smith, partners. The affidavit in garnishment was made by John W. Malone as attorney for Post & Hobby, and it was suggested in writing by said attorney that "E. C. Love, as executor of M. A. Gilchrist, is indebted to, or has effects or property of said A. W. Smith in his hands or possession or control," and " a writ of garnishment to be directed to said E. C. Love, as executor as aforesaid, in pursuance of law," was prayed. The writ issued, commanding the sheriff " to summon E. C. Love as executor of M. A. Gilchrist, deceased, to be and appear, &c., * * * * and to set forth upon oath what goods and chattels, rights and credits, money and effects were in his hands, custody or control at the time of the service of the writ, or since, belonging to said A. W. Smith, and in what sums he is indebted to Smith." This is the form of the writ for cases covered by the statute. The executor moved to quash the writ on the grounds, 1st, that the writ of garnishment is not a proper process by a creditor of a legatee to compel the executor to pay over the amount of the legacy. 2d. That the relation of debtor and creditor does not exist between legatee and executor at any time until it is ascertained that a surplus remains in the hands of executor after the payment of debts and expenses, and for the ascertainment of this the statute allows two years, which have not elapsed from the date of the qualification of the executor.

The motion was overruled by the court and the executor ordered to answer.

The executor filed an answer, but by consent, at October Term, 1882, it was withdrawn, and the executor made the following return to the writ: " Now comes the defendant, and for return to the writ of garnishment in this cause for reason why the same should be quashed, says that it is true

that by the last will and testament of his testatrix there is a provision directing the payment to the said A. W. Smith of a legacy of $1,000. Respondent says he has possessed himself of assets of said estate of the value of about $7,000; but, he says, there has never been any order of the Probate Court directing the payment thereof to the said Smith, and he submits that he is not liable to the process of garnishment, and prays that the same may be quashed; and he further says that without the above facts he has not any goods and chattels, rights and credits, money or effects of said Smith in his hands or custody or control, nor had at the commencement of this suit; nor is he now indebted, nor was he then so indebted, to said Smith."

Afterwards Post & Hobby filed interrogatories "to be propounded to Edward C. Love, as executor, &c., * * * in the above stated case," asking him (1) what moneys, goods, chattels and effects of said Smith he had in his hands, &c., * * * at the service of the writ; (2) if he was indebted to Smith in any sum of money at such time or since; (3) what amount of legacy, if any, was left to A. W. Smith by the testatrix, and who is her qualified executor; (4) what amount of money came into his possession as such executor, and was it sufficient to pay all legacies made by her will and testament; (5) if respondent, before the service of the writ or since, did pay or assent to pay to Smith the legacy, or pay any part thereof; (6) what legacies made by the will had been paid and when? They moved that said Love, "as executor, &c.," be required to answer the interrogatories. The motion was argued by counsel and overruled by the court, and plaintiffs excepted.

Afterwards Post & Hobby filed a traverse to the executor's return, said traverse alleging that goods and chattels, money and effects belonging to the said Smith, is or are in the possession of the garnishee named, or were at the time

of the service of the writ. The executor moved to strike out the traverse on the following grounds: " It does not form a proper issue. It should allege that other goods and chattels, money or effects of the defendant in execution is or are in the possession of the garnishee, or were at the time of service of the garnishment besides those admitted by the return of the respondent." This motion was argued and sustained, and plaintiffs excepted.

Afterwards Post & Hobby filed a traverse alleging that the garnishee has not discovered the true amount of debts due from him to defendant Smith, or that goods and chattels, money or effects belonging to Smith is or are in his possession, or were at the time of the service of the summons of garnishment, or since, in this: that prior to such service, one Mary Ann Gilchrist, in her lifetime, made her last will and testament and therein bequeathed to the said Smith one thousand dollars, and directed the same to be paid by her executor out of certain moneys then in her possession as soon after her death as practicable, and appointed the said Love the executor thereof. Soon afterwards the said Mary died without altering or revoking the said last will and testament, and after the death of the said Mary the said last will and testament was admitted to probate in the Probate Court for Gadsden county and the said Love duly qualified as the executor thereof and took possession of the said moneys, to-wit: about seven thousand dollars, out of which the said testator directed the payment of the said one thousand dollars to the said Smith, and afterwards the said Love as executor promised or agreed to and with the said Smith to pay or settle with or credit him with the said one thousand dollars on his indebtedness to the said Love, and after the said promise and agreement, and before the payment of the same to the said Smith or the settlement with him or the credit given to

him as aforesaid, and while the said one thousand dollars was still in the possession, custody and control of the said Love as executor as aforesaid, the said summons of garnishment was served on said Love as executor as aforesaid. And further, that the said sum of one thousand dollars and no part thereof was needed or necessary to pay the debts or funeral expenses of the said Mary, or the expenses of her administration, as she died possessed of other moneys, property and assets more than sufficient for that purpose. And further, that since the service of the said summons of garnishment on the said Love as executor as aforesaid he has paid, settled with or credited the said Smith for the said one thousand dollars.

The defendant moved to strike out this traverse on the following grounds:

1st. The same is not such a paper as is contemplated by the statute governing garnishment proceedings.

2d. It proposes to convert this proceeding into a garnishment of the defendant individually, and to recover against him individually instead of as executor.

The Circuit Court thereupon granted the motion, and the plaintiffs excepted.

The Circuit Court then entered judgment quashing the writ of garnishment, and the plaintiffs appealed, and they assign the following for error, to-wit:

1st. The court erred in overruling the plaintiffs' motion to require the garnishee to answer the written interrogatories propounded to him by them and filed in the cause.

2d. The court erred in striking out the plaintiffs' first traverse.

3d. The court erred in striking out the plaintiffs' second traverse.

4th. The court erred in quashing the writ of garnishment.

[N. B.—There was a consent entered of record in the Circuit Court that the other garnishments mentioned in the opinion should abide the result of this appeal.]

*John W. Malone* for Appellants.

*Geo. P. Raney* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

The question presented by the record is whether an executor, as such, is to be held to answer to a writ of garnishment at the instance of a creditor of a legatee under the garnishment laws of this State.

In Williams on Executor, 6 Am. Ed., Vol. 3, p. 2001, it is laid down that there cannot be "an attachment of a legacy; for creditors have an interest in it, and they are incapable of being warned." He cites Scurra vs. Merciall, 1 Roll. Abr., 551 ; Wood vs. Smith, Noy, 115 ; Chamberlain vs. Chamberlain, 1 Ch. Cas., 257 ; Com. Dig. Attachment D. It is, therefore, not a modern rule.

"It is well settled in England and the United States, as a general proposition, that an executor cannot be charged as garnishee in respect of a pecuniary legacy bequeathed by his testator." Drake on Attachment, §499.

There are a few States where it is provided by statute that executors and administrators may be required to answer as garnishees, but except in Indiana the general rule is recognized that executors are not subject to this process on account of legacies payable to a debtor unless expressly provided by statute.

The statute authorizes a garnishment when any person is indebted to a defendant in execution, or has any of the effects or property of such defendant in his hands, or possession or control. It also provides that if the answer of the garnishee is not satisfactory and it be alleged that the

garnishee has not discovered the true amount of debts due from him to the defendant, or that goods and chattels, money or effects belonging to the defendant are in his hands or possession, or were so at the time of the service of said garnishment summons, the court shall direct, without the formality of pleading, a jury to be empanelled to inquire what is the true amount due from such garnishee to the defendant, &c.

"An executor," says the Supreme Court of Connecticut, " cannot be considered as the debtor of a legatee. The claim is against the testator or his estate; and the executor is merely the representative of the deceased. There cannot be a debt due from the executor within the meaning of the statute. Nor can a person, like an executor, deriving his authority from the law, and bound to perform it according to the rule prescribed by law, be considered as a trustee, agent, attorney or factor within the statute; and this for the best of reasons. In the common case of agents, trustees and factors the creditor can easily place himself in the shoes of the absconding debtor and prosecute his claim without inconvenience to the garnishee. But such would not be the case with an executor. It would not only embarrass and delay the settlement of estates, but would draw them from Courts of Probate, where they ought to be settled, before the courts of common law, who would have no power to adjust and settle his accounts. Such an interference might produce much inconvenience, and prevent the executor from executing his office as the law directs." Winchell vs. Allen, 1 Conn. In that case one Allen had bequeathed to the debtor certain personal property. The estate was solvent, and no demand of the legacy had been made by the legatee, and the time. limited for the settlement of the estate had passed before the writ of garnishment was served.

Says Mr. Justice Story in Picquet vs. Swan *et al.*, 4 Mason, 443, 463, where there was a bequest of an annuity of $2,000 to be paid to Mr. Swan in semi-annual payments during his life by the executors: "It can scarcely be presumed that it was not the intention of the testatrix that this should be a personal payment for the personal comfort and maintenance of her husband, and that the annuity itself should be placed beyond the reach of any creditors. To direct a payment to the creditors of Mr. Swan through the instrumentality of a foreign attachment would be to defeat the purposes of the will. It would be, in effect, to declare that the executors should not pay her bounty to her husband, but should pay it to his creditors. If such a course be repugnant to the manifest intention of the will, I do not see how a court of law can intercept the bounty of the testatrix and give it a new direction. There is an implied trust in the executors to make the payment *personal*, and to retain the money until so paid. And if so, what court can be at liberty to overthrow it?"

We have examined a large number of authorities beside those cited in Drake on Attachment and excepting the Indiana case, (Stratton vs. Ham, 8 Ind., 84,) we find none to sustain the garnishment of an executor except by virtue of a local statute expressly authorizing it.

To hold otherwise without some act of the Legislature changing the settled rule of the recognized common law and practice, would be practically judicial legislation, and the introduction of measures of a mischievous tendency. To do so would require also a prescription of methods of procedure not now recognized in the courts of law. Our statute provides for the calling of a jury without other pleadings than the writ of garnishment, the answer of the garnishee and the traverse to determine the question of indebtedness or liability. What, then, will the jury try,

and what will be the scope of the inquiry? In the case of the garnishment of a person for the purpose of charging him with liability to pay the creditor of a debtor what may be due from the garnishee to the debtor, or to account for property or money in the hands of the garnishee belonging to the debtor, the matter is plain. But in case the garnishee is an executor in his representative character, the inquiry involved is an accounting, including the marshalling of the assets, the value of the estate, real and personal, including claims due and to become due to the estate, exemptions, dower interests, contingent or fixed obligations, debts due and to become due from the estate, and the amount due to each creditor, interest, commissions, expenses of administration and of litigation, and all other certainties and contingencies, and finally a general accounting and striking of balances and adjusting the claims of legatees, &c.; all these matters are proper subjects of investigation and adjustment before the Court of Probate or in chancery, but which a court of law with a waiting jury would be practically incompetent to adjust without some machinery not yet provided. Whether a legacy can be paid in whole or in part will depend upon the condition of the estate upon a final accounting in the Probate Court. Garnishment of legacies during the progress of the regular and usual course of administration and before the condition of the estate is ascertained, would be productive of great confusion and expense. Here are three or four other garnishment proceedings, as appears in this record, in favor of other judgment creditors, who are seeking to subject this legacy or other interest of the judgment debtor to the satisfaction of their demands. A similar cause of proceeding would doubtless be necessary, including an inquiry by a jury, in each of these cases. Now, while the estate is in process of adjustment, the time not having elapsed for the

ascertainment of debts and liabilities, how is it possible to know whether anything will ultimately be available for the payment of legacies, and what can a jury determine? We repeat, that without some statutory regulation not in existence here such garnishment proceedings are altogether impracticable, at least until a personal duty to pay is imposed upon the executor by the order of the Probate Court; a case not now before us.

It is alleged by the plaintiffs in the garnishment by way of traverse that there are more than sufficient assets of the estate to pay debts, expenses and legacies, and that E. C. Love, the executor, had agreed with the judgment debtor to pay him the amount of the legacy, and an inquiry should be had to ascertain this fact, which, it is urged, will fix the present liability of the executor.

This cannot affect the question of the legal duty of the executor as such to answer to the writ of garnishment. If Love, the executor, has made any contract binding him personally to pay money to the debtor, he cannot be held in his official capacity, in which he has been here summoned; and no personal judgment can be had against him, because this garnishment is against him in his representative character seeking to charge the estate, and not against him personally.

It is evident from the pleadings and allegations here that the plaintiffs seek to reach the legacy only. The judgment dismissing the writ of garnishment is affirmed.