**MONTE BROWN, individually and as Administrator of the Estate of Martin S. Brown, deceased, v. REX SWEAT, as Sheriff of Duval County, Florida, and MARY COLLINS, Joined by her husband, LEE COLLINS and LEE COLLINS, individually.**

6 So. (2nd) 538                                           Division B
February 17, 1942                     Rehearing Denied March 16, 1942

P. Guy Crews and Carlton C. Arnow, for appellant.

Edward S. Hemphill for Rex Sweat, as Sheriff, appellee; H. T. Rogers for Mary Collins and Lee Collins, appellees.

THOMAS, J.:

The factual situation forming the basis for this litigation is presented by stipulation of counsel representing the respective parties. From it we learn that the appellant is the administrator of an estate which has not been closed and is also the sole heir of the decedent. In his capacity as administrator he now has possession of the property of the estate and is defendant in a suit in which recovery for a substantial sum is sought. Neither this claim nor any other has been filed against the estate. The only amounts "that can be paid out of said estate" are costs and fees including expenses of defending the suit.

The appellees hold a judgment against appellant as an individual and have caused a levy to be made on property included in the estate.

The chancellor granted a temporary injunction against the sheriff's sale and when the case reached him upon final hearing he dismissed the bill of complaint.

It is insisted by the appellant and refuted by the appellees, that the property is not subject to execution because it is in the custody of the law and we have been given much authority on the point but it seems unnecessary to explore the decisions on that question in view of the definite language of Section 123, of Chapter 16103, Laws of Florida, Acts of 1933 (The Probate Act), as amended by Section 8, of Chapter 17171, Acts of Florida, Laws of 1935. There it is provided that "No execution shall issue upon or be levied under any judgment against a decedent or against the personal representative, *nor shall any levy be made against any property, real or personal, of the estate of decedent.*" (Italics supplied.) It will

be noted that in the first clause even the issuance of the execution is proscribed while in the latter execution is not mentioned and only the levy is prohibited.

In the instant case there was no judgment against the decedent or the personal representative as such, so the question is confined to the application of the clause inhibiting a levy on the property of the estate.

It is our view that it covers a situation like the one with which we are dealing. If the part we have italicized is to be given any meaning that would be the effect because it would be mere redundancy to prohibit issuance of execution or levy under a judgment against estates and personal representatives and then repeat that levy could not be made against the property of the estate where the judgment was against the decedent or the personal representative as distinguished from a legatee.

Under Section 105 of The Probate Act "all such property [real and personal] shall be assets in the hands of the personal representative for the payment of . . . debts . . . claims, charges and expenses. . . . ." We apprehend that the purpose of Section 123 of the Act was to prevent interference in the administration of these assets. . Such interference likely would be as detrimental to the conduct of the affairs of the estate if resulting from levy on a judgment against an heir as from one on a judgment against the decedent or the estate because each would affect the assets and probably impede administration.

The opinion of the chancellor has been helpful in our study of the case, however, we find that we cannot agree with the conclusion he reached. He gave respectable authority for his view that the interest of an heir could be reached by execution even if the

estate had not been fully administered but we think the rule cannot be applied in view of the section of The Probate Act we have quoted.

The decree is reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.