465 F.2d 827
 UNITED STATES PIPE AND FOUNDRY COMPANY, Plaintiff-Appellee,
v.
HOLCOMB PIPE LINES, INC., Defendant, and Bank of Clearwater
and Bank of Clearwater as Executor of the Estate
of Walter J. Weaver, et al.,
Garnishees-Appellants.
 No. 72-1844.
 United States Court of Appeals,
 Fifth Circuit.
 Sept. 8, 1972.
 
 James A. Baxter, Macfarlane, Ferguson, Allison & Kelly, Clearwater, Fla., for garnishees-appellants.
 Peter J. Winders, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for plaintiff-appellee.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 Before BELL, DYER and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Our prior opinion dated July 25, 1972 is withdrawn and the following opinion is substituted therefor.
 
 
 2
 A writ of garnishment in aid of the district court's judgment was served on the executor of a Florida estate. The executor denied any indebtedness despite the fact that the judgment debtor then held a sizable unsatisfied judgment against the estate as the result of an independent action. The executor took the positions (1) that this latter judgment against the estate amounted to no more than a claim and did not constitute an indebtedness subject to garnishment, and (2) that a writ of garnishment would in no event lie against the executor of an estate under Florida law. The court below disagreed and entered judgment against the executor and in favor of the judgment creditor, but made it clear that the only right conferred by the garnishment procedure was to substitute the judgment creditor for the judgment debtor insofar as the estate was concerned. All matters of priority and time of payment and distribution were left exclusively within the province of the Florida Probate Court. We agree that this disposition was correct. The judgment creditor was entitled to capture this position of the judgment debtor. The procedure followed by the court below in no way interferes with the orderly administration of the estate and gives the judgment creditor no rights other than those due to be enjoyed by the judgment debtor. We find no Florida law on the subject. Post v. Love, 19 Fla. 634 (1883), cited by the executor, is not in point. It refused to permit garnishment of an executor by the creditor of a legatee whose share in an estate was indefinite, on the principal ground that it caused interference with the orderly administration of the estate. Here the amount of the judgment debtor's claim is fixed and the process of administration continues after substitution of the judgment creditor for the judgment debtor, exactly as before.
 
 
 3
 The executor claims the court erred in not awarding it attorneys' fees for erroneously attacking the garnishment procedures as well as for routinely responding to the writ. Under Fed.R. Civ.P. 64 and 69, this matter is governed by Florida law. Florida Statutes Sec. 77.28, F.S.A provides for an initial ten dollar deposit by the party applying for the writ and a determination of a reasonable attorneys' fee upon rendition of final judgment, which amount shall be taxed as costs. Since the judgment appealed from did not speak to this matter, we remand for its initial determination in the district court with this single observation: we read the Florida statute to be designed to compensate a stake holder innocently drawn into controversy, it is not intended to require a judgment creditor to fund an erroneous legal attack on the entire garnishment proceeding.
 
 
 4
 Affirmed and remanded.