305 So.2d 813 (1975)
Esther B. REEVES, Appellant,
v.
DON L. TULLIS & ASSOCIATES, INC., Appellee.
No. U-223.
District Court of Appeal of Florida, First District.
January 8, 1975.
*814 Jon S. Rosenberg, of Marvin E. Newman and Jon S. Rosenberg, Orlando, for appellant.
Fred C. Isaac of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellee.
BOYER, Acting Chief Judge.
This appeal arises out of a garnishment action.
In 1959 one Roy A. Akins and wife (who will hereinafter be referred to as Akins), being the owners of certain improved real property commonly known as 3400 West Colonial Drive in Orlando, Florida, entered into a lease agreement by which that property was leased to Reeves-Kenworth Truck Sales Co., a Florida corporation. Hugh R. Reeves, Jr. was president of the corporation and Esther B. Reeves was secretary. On December 18, 1967 the corporation leased the property to Esther B. Reeves. Both leases were recorded. On the date of the execution of the latter lease, December 18, 1967, an "Assignment of Lease Agreement" was entered into whereby the corporation assigned "all of its right, title and interest of every nature whatsoever" in the lease from Akins to Esther B. Reeves. That assignment was also signed and acknowledged by Akins. Further, on the same date, there was held a joint meeting of the stockholders and directors of the corporation, the minutes of which meeting recite, inter alia, the following:
"The President made motion that the corporation shall assign and transfer all its right, title and interest in its lease to the property at 3400 W. Colonial Drive, Orlando, Florida leased from Roy A. Akins and Grace M. Akins to Esther B. Reeves and from the date of said transfer and assignment and signing of the Lease Agreement between the corporation and Esther B. Reeves that Esther B. Reeves would be responsible for all and other payments due Roy A. Akins and Grace Akins, and further that Esther B. Reeves should make all of such rent payments and other payments called for directly to Roy A. Akins and Grace Akins beginning January 1968.
"Upon motion duly made and carried, the above resolution was adopted."
The evidence reveals that the assignment and recitations of the corporate minutes were given effect in practice and that from that day forward all payments were *815 made under the lease directly by Esther B. Reeves to the Akins.
On April 14, 1970, Don L. Tullis and Associates, Inc., hereinafter referred to as appellee, filed suit in the Circuit Court of Duval County against Reeves Truck Center, Inc. (formerly Reeves-Kenworth Truck Sales Co., Inc.) and Hugh R. Reeves, Jr. The subject matter of that suit was a promissory note dated January 24, 1969. Final judgment was entered on February 2, 1971 against both Reeves Truck Center, Inc. and Hugh R. Reeves, Jr.
On January 2, 1973, at the behest of Don L. Tullis and Associates, Inc., a writ of garnishment was caused to be served upon Esther B. Reeves, as garnishee. The garnishee filed an answer denying any indebtedness to either Reeves Truck Center, Inc. or Hugh R. Reeves, Jr., to which answer appellee filed a traverse. In due course the matter was heard before the court without a jury whereupon a final judgment was entered in favor of the garnishee and the writ of garnishment was dissolved. Upon motion for rehearing the trial judge vacated his prior final judgment and entered judgment in favor of appellee and against the garnishee, appellant here. This appeal resulted.
The proper procedure for resolving issues incident to garnishment proceedings is set forth in Chapter 77 Florida Statutes. F.S. § 77.03 provides for the issuance of a writ of garnishment at the behest of a judgment holder. F.S. § 77.04 prescribes the form of the writ and a model is set forth as Form 1.907 pursuant to Rule 1.900 RCP. It is important to note the language of the writ as it is the pleading which initially sets the stage for any issues to be formed. The writ requires the garnishee to file and serve an answer "stating whether the garnishee is indebted to defendant, at the time of the answer or was indebted at the time of service of the writ, or at any time between such times".
F.S. § 77.06 provides that service of the writ of garnishment upon the garnishee "shall make garnishee liable for all debts due by him to defendant * * * at the time of the service of the writ or at any time between the service and the time of his answer." Sub judice the garnishee answered that she was not so indebted.
F.S. § 77.061 provides for a reply by the plaintiff (formerly known as a traverse and so designated sub judice) by which plaintiff may, if not satisfied with the garnishee's answer, place in issue any allegations of the answer as plaintiff may desire.
F.S. § 77.07 provides for a trial of the issues made by the writ of garnishment, answer and reply.
In the case sub judice the writ of garnishment directed the garnishee, appellant here, to file and serve an answer setting forth any indebtedness owned by her to Reeves Truck Center, Inc. or Hugh R. Reeves, Jr. at the time of service of the writ or at the time of the answer or at any time between such times. The garnishee's answer denied any indebtedness at any of such times. The plaintiff's "traverse" alleged that "the answer of Esther B. Reeves, garnishee, that she has no tangible or intangible personal property of the defendant, Reeves Truck Center, Inc., a Florida corporation, formerly known as Reeves-Kenworth Truck Sales Co., Inc., and Hugh R. Reeves, Jr., in her possession or control is false"; further averring that garnishee "does have money or other personal property owed to or belonging to the defendants." It therefore became the burden of the plaintiff to prove that in fact the garnishee did, either at the time of the service of the writ, at the time of the answer or at sometime between such times have in her possession tangible or intangible personal property of the defendants or one of them or that she was liable for some debt due to them or one of them.
When a plaintiff (judgment holder) causes a writ of garnishment to be served upon a garnishee, the plaintiff thereupon (as between the defendant judgment creditor and the garnishee) steps into *816 the shoes of the defendant; and the plaintiff judgment holder has no more rights against the garnishee than the defendant would have had in a suit brought by the defendant against the garnishee upon the claim which is sought to be garnished. That is, a garnishee is not, by the service of the writ, to be placed in any worse condition than if the defendant, the garnishee's creditor (or alleged creditor) had brought suit upon the claim. The plaintiff, at whose instance a writ of garnishment is issued, may assert against the garnishee only such rights as could have been asserted against the garnishee by the defendant judgment creditor. (See Howe v. Hyer, Sup.Ct.Fla. 1895, 36 Fla. 12, 17 So. 925)
In the case sub judice, when the corporation leased to Esther B. Reeves the premises at 3400 West Colonial Drive in Orlando, Florida, which it was leasing from the Akins, the last lease had the effect of an assignment. (See 20 Fla.Jur., Landlord and Tenant, § 58) Even had the last lease not had the effect of an assignment, the subsequent assignment which was executed by all of the parties to the original lease as well as all of the parties to the subsequent lease constituted a novation whereby the corporation was eliminated as a party to the lease. The intent of the parties was fortified by the minutes of the corporate meeting hereinabove quoted. It is apparent therefore, that at the time of the proceedings herein involved there was no creditor-debtor relationship between the corporation and the garnishee, so far as the lease was concerned, and the trial judge's order here appealed finding that the monthly payments under the lease were owed by the garnishee to the corporation was in error. The initial final judgment of the trial judge in favor of the garnishee dissolving the writ of garnishment was correct and should be reinstated.
Reversed and remanded for further proceedings consistent herewith.
McCORD, J., and SPECTOR, SAM, Retired, Associate Judge, concur.