346 So.2d 134 (1977)
BARSCO, INC., Appellant,
v.
H.W.W., INC., Appellee.
No. CC-146.
District Court of Appeal of Florida, First District.
May 26, 1977.
Rehearing Denied June 8, 1977.
Judson Freeman, Jr., of Freeman, Richardson, Watson, Slade, McCarthy & Kelly, Jacksonville, for appellant.
Edward L. Kelly and Anderson M. Foote, Jr., of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee.
ERVIN, Judge.
This is an appeal by Barsco from an order denying its motion for summary judgment against the garnishee bank. We treat the order as a final judgment for the purpose of review since the order effectively disposes of all justiciable issues. Briefly stated the issue before us is whether the garnishee bank, the holder of a note which has not matured but is otherwise in default at the time of the service of a writ of garnishment, may prevail over the judgment garnishor Barsco? We hold that it can and affirm.
On March 26, 1974, H.W.W., Inc., executed a promissory note in favor of Atlantic Bank of West Jacksonville in the amount of $29,958.60 maturing in 1979. The note provided that it would be payable in sixty monthly installments of $409.31 each. It was secured by an agreement covering restaurant equipment located at H.W.W., Inc.'s business. On September 18, 1974, final judgment was entered in favor of Barsco against defendant H.W.W., Inc. in the amount of $7,734.95 plus costs and attorney's *135 fees. On September 9, 1975, garnishee bank was served with a writ of garnishment in the amount of $8,520.95 which sought any money or other personal property owed to or belonging to the defendant.
In a stipulation entered into between the parties, the bank admitted that at the time the writ was served upon it defendant had maintained accounts having credit balances in the aggregate amount of $11,881.17. The parties also agreed that prior to the service of the writ, defendant sold two cash registers named in the inventory attached to the security agreement without notifying the garnishee and that defendant failed to keep insurance on the collateral as required by the agreement. As a result thereof, the bank alleged in its answer that the defendant, prior to the service of the writ, was in default under the terms of the note and the bank was entitled to exercise its right of set-off against the deposit balance. It was finally agreed that the defendant was not in default in any of the monthly payments required by the note.
The note provided in part:
"The holder hereof shall have a right of off-set against the debtors as to any deposit account or other obligation to the debtors which right of off-set may be exercised after default without notice or other formality."
Barsco contends that the denial of its motion for summary judgment was in error because the note was not mature at the time of the service of the writ, therefore the garnishee was not entitled to exercise its right of set-off under the note to the prejudice of appellant. The precise legal issue has not been addressed by any Florida court. There is a division of authority of out-of-state cases as to whether a bank can prevail over the rights of a garnishor when a note is immature at the time of service of the writ of garnishment. One line of cases holds that even though a note may provide that the bank has the right to off-set the depositor's account without demand or notice, still the bank has the duty to take some affirmative action to accelerate when the note has not matured prior to the time of the service of the writ. See Annot., 106 A.L.R. 62 (1937), supplemented at 110 A.L.R. 1268 (1937). For cases approving the above rule, see First National Bank of Birmingham v. Minge, 186 Ala. 405, 64 So. 957 (1914); Schiff v. Schindler, 98 Pa.Super. 207 (1929). But see Macon National Bank v. Smith, 170 Ga. 332, 153 S.E. 4 (1930); Brown v. Maguire's Real Estate Agency, 343 Mo. 336, 121 S.W.2d 754 (1938). In the latter case, the bank asserted a set-off of a $4,000.00 note made by defendant depositor. The note was a demand instrument with a due date if no demand was made. Attached to the note was an agreement providing that in the event of the issuance of an attachment, garnishment or execution against the defendant, the note at the option of the bank would be immediately mature and payable and allow the bank to have the right to off-set the note against any balance then on deposit with the bank. In holding that the note's provisions allowed the bank to prevail over a garnishor who had obtained judgment against the depositor, the court stated:
"... We see no good reason why the maker of a note to a bank cannot by written contract give the bank a lien on his deposit account (technically it might better be said that the maker's right to his deposit account is made collateral security for his note); or why such a lien could not be enforced by set-off of such deposit at any time against a note such as this one which at least at garnishee's option became payable upon demand; or why, if a depositor's right to his deposit is made collateral security for his debt, garnishment should affect the bank's right to make the set-off before determining the amount due from it to the garnishment defendant." 121 S.W.2d at 760.
True, in the case now on review there had been no default by the debtor to the bank in the payment of the monthly installments. Nevertheless the note specifically provided that should the debtor violate any provisions of the security agreement, the bank had the right of set-off against the debtor as to any deposit account, which *136 right might be exercised after default and without notice. It should be noted that the Uniform Commercial Code has no provision specifying what constitutes default of a secured transaction; it is left to the security agreement to specify what constitutes an event of default. 29A Fla.Jur., Secured Transactions, section 310. In general, however, a breach by the debtor of any of the conditions of the security agreement constitutes a default. Ibid. The note entered into by the parties here specifically provided that it was the responsibility of the debtor to furnish insurance for the collateral and not to dispose of the security without written consent of the bank. Thus the parties by their agreement set forth the conditions of the note and what might constitute a breach.
We have previously held that a plaintiff serving a writ of garnishment upon a garnishee merely steps into the shoes of the defendant and may assert against the garnishee only such rights as could have been asserted against the garnishee by the defendant. Reeves v. Tullis and Associates, Inc., 305 So.2d 813 (Fla. 1st DCA 1975). Clearly had the garnishee been sued by the defendant for recovery of the balances on deposit, the garnishee would have been permitted to counterclaim an action for payment on the defaulted note.
We wish to emphasize that our decision is strictly limited to the facts before us and we express no opinion concerning whether a garnishee bank may apply a set-off against a depositor's account as to an indebtedness which is altogether immature at the time of service by writ of garnishment.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.