In the Matter of T & B GENERAL CONTRACTING CO., INC., Debtor.

T & B GENERAL CONTRACTING CO., INC., Plaintiff,

v.

The W. W. WILLIAMS CO. OF FLORIDA, INC., et al., Defendant.

Bankruptcy No. 79–376 T.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Aug. 14, 1981.

Thomas Mimms, Tampa, Fla., for plaintiff.

William E. Tucker, Tampa, Fla., for defendant.

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Summary Judgment filed by the Defendant, Port Charlotte Bank and Trust Company (the Bank) who filed a cross claim against co-defendant, The W. W. Williams Co. of Florida, Inc. (Williams) in the above-captioned adversary proceeding. The Motion for Summary Judgment is based on FRCP 56 as adopted by Bankruptcy Rule 756 and seeks a judgment as a matter of law with respect to two bank accounts presently frozen in its bank. T & B General Contracting Co., Inc. (T & B), the Debtor, is the holder of the two accounts but makes no claim to the funds in question, the Bank's motion is opposed by Williams.

The Court is satisfied that the Motion can be disposed of as a matter of law based upon the undisputed facts which are as follows:

T & B, prior to filing its Chapter XI petition in this Court, maintained two bank accounts in the Port Charlotte Bank. Account # 05–289–9 was a general operating account and has a present balance of $20,809.06. Account # 09–229–0 was dissipated as a payroll account and has a present balance of $184.96. Williams, a judgment creditor of T & B, served a writ of garnishment on the Bank with respect to the two T & B accounts. The Bank, who holds several secured notes of T & B, elected to treat the entry of a judgment against T & B under the terms of the notes and security agreements, as a default and proceeded to accelerate the note's maturity, and set-off its claim against the two accounts.

It is undisputed that there was, and still is, a mutual debtor-creditor relationship between the Bank and T & B. It is further undisputed that both the service of the writ of garnishment by Williams and the Bank's answer pursuant to Fla.Stat. Chapter 77, claiming set-off, occurred pre-petition. In addition, as noted earlier, for the purposes of this Motion, T & B nor any other party claims any interest in these two accounts.

It is the Bank's contention that by virtue of specific terms of the notes and the security agreement executed by T & B in its favor, the entry of the judgment against T & B was a "default" under the security agreement, which in turn authorized the Bank to accelerate the notes and cause the obligations under the notes to mature. This being the case, so contends the Bank, it had a right to exercise its common law and contractual right of set-off against the two accounts. In anticipation of a challenge on its right of set-off, the Bank also contends that whether or not T & B was given a notice prior to the acceleration of its indebtedness is of no consequence because this alleged defect has been waived by Williams who never referred to a lack of notice in its answer, affirmative defenses and neither filed a controverting affidavit in the garnishment proceedings.

It is Williams' position that its writ of garnishment must be honored and the writ defeats any right of set-off by the Bank because the writ of garnishment was obtained and served on the Bank before the Bank exercised its right of set-off. In addition, although not formally presented, it is intimated by Williams that the Bank could not exercise its right of set-off because the obligation of T & B to the Bank did not mature at the time the writ of garnishment was served because the Bank did not notify T & B of the acceleration.

Having considered the arguments of counsel for the respective parties, the affidavits and briefs in support of their contentions, the Court is satisfied that the Bank is entitled to its Motion for Summary Judgment as a matter of law.

■ Considering first the issue of whether a garnishing creditor could defeat a garnishee bank who elects to set-off a mutual and matured debt, the Court is satisfied that priorities are not determined by whether the service of the writ precedes the election to set-off, or vice versa. 6 Am. Jur.2d, *Attachment and Garnishment*, § 374, *citing, Aarons v. Public Service Building & Loan Association*, 318 Pa. 113, 178 A. 141 (1935); *Coyle v. Pan American Bank of Miami*, 377 So.2d 213 (Fla. 3d DCA 1979). In addition, it is not necessary that a bank even make book entries prior to the service of the writ. 6 Am.Jur.2d, *Attachment and Garnishment*, § 374.

■ The Court is further satisfied that, under the law of this State, the event or default, which triggers the maturity of the debt is not limited to the obligor's failure to make timely payment, rather it can be a bargained for element of the agreement of the parties. *Barsco Inc. v. H. W. W., Inc.*, 346 So.2d 134 (Fla. 1st DCA 1977). In *Barsco, supra* the garnishing creditor contended that the trial court's entry of summary judgment in favor of the garnishee was improper because the note which evidenced an obligation owed by the debtor to the garnishee was not yet mature at the time of the service of the garnishment writ and, therefore, the garnishee could not ex-

ercise a claimed right of set-off. The Court acknowledged the existence of a line of cases which requires that the garnishee must take affirmative action to accelerate the debtor's obligation, but found those cases inapposite when the parties have entered into an agreement which provides for the right of set-off under default. The Court went on to conclude that even though the Debtor was current on its obligation to the garnishee, a default under the parties security agreement unrelated to payment triggered the maturity of the obligation.

■ In Florida, the law is clear that the garnishing creditor only steps into the shoes of a debtor and may only assert against a garnishee, such rights as could have been asserted by the debtor in the first instance. *Reeves v. Tulle's and Associates, Inc.*, 305 So.2d 813 (Fla. 1st DCA 1975).

■ In the present instance this Court is satisfied that the notes and security agreements gave the Bank a right of set-off in the event of a default by T & B. The security agreement also provides that entry of a judgment against the obligor, i. e. T & B is deemed to be a default, which was properly exercised in this present instance. The Court is further satisfied that even in the absence of such an agreement, lack of notice to T & B is not in issue inasmuch as it has not been raised by the pleadings or affidavits of Williams and is, therefore, waived as an affirmative defense to the Motion for Summary Judgment.

■■ This leaves for consideration the question whether or not the right of set-off is proper with respect to the T & B payroll account as well. Under Florida law if the T & B payroll account constituted a special account, it would not be subject to set-off by the Bank because it is not a special account set up to satisfy T & B's indebtedness to the Bank. *Coyle v. Pan American Bank of Miami, supra.* The Court is satisfied that in the present instance the monies in the T & B payroll account were not segregated from the general funds of the Bank. Thus, the Court is satisfied that the T & B payroll account was a general

account even though identified as a special account subject to the Bank's prepetition right of set-off. *Coyle, supra* at 216.

A separate final summary judgment will be entered in accordance with the foregoing.