569 So.2d 806 (1990)
EBSARY FOUNDATION CO., Appellant,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
Nos. 90-1428, 90-142.
District Court of Appeal of Florida, Third District.
October 16, 1990.
Rehearing Denied December 10, 1990.
Dennis G. King, Miami, for appellant.
Greer Homer & Bonner and Joseph A. DeMaria, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
SCHWARTZ, Chief Judge.
After the appellant, the holder of a judgment against one Witmer, served a writ of garnishment on Barnett Bank to reach Witmer's account there, the bank set off the amounts Witmer owed it on notes due the bank which were in default. We affirm the trial court's determination that the set-off was validly effected. Coyle v. Pan American Bank, 377 So.2d 213 (Fla. 1979); Barsco, Inc. v. H.W.W., Inc., 346 So.2d 134 (Fla. 1st DCA 1977); In re T & B General Contracting Co., 13 B.R. 686 (Bankr.M.D.Fla. 1981). In so doing, we reject Ebsary's contention that the controversy is governed by section 674.303, Florida Statutes (1989), which pertains only to disputes as to the payment of "items" *807 presented to a bank and does not concern controversies, such as this one, between creditors who present competing claims to a particular bank account. Pittsburgh Nat'l Bank v. United States, 657 F.2d 36 (3d Cir.1981); In re T & B General Contracting Co., 13 B.R. at 686. Similarly, we do not accept the claim that the bank's right to a set-off under the common law and the agreement with its customer is defeated by the fact that the set-off debts were otherwise collateralized. See Jensen v. State Bank of Allison, 518 F.2d 1 (8th Cir.1975); Motorola Communications & Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042 (Fla. 4th DCA 1983). Compare In re Saugus General Hosp., Inc., 698 F.2d 42 (1st Cir.1983) (applying acknowledgedly minority rule).
On the bank's cross appeal, we also affirm. Because Barnett resisted the writ of garnishment on its own behalf and for its own interests, rather than as a "stake holder innocently drawn into controversy," United States Pipe & Foundry Co. v. Holcomb Pipe Lines, Inc., 465 F.2d 827, 828 (5th Cir.1972), we hold that the trial judge correctly refused to award the bank a reasonable attorney's fee under section 77.28, Florida Statutes (1989) and appropriately restricted its recovery in this regard to the $100 deposit provided by that section. U.S. Pipe & Foundry, 465 F.2d at 827; see First Nat'l Bank & Trust Co. v. Bryan, 427 So.2d 392 (Fla. 4th DCA 1983).
Affirmed.