PER CURIAM.
This is the appeal of a final judgment in garnishment ordering the personal representative of two estates, of which appellants were distributees, to pay over to ap-pellees so much of their distributive share as was necessary to satisfy a final judgment entered against them.
On December 11, 1988, a consent judgment in the amount of $14,000 was entered against appellants in favor of appellees, Larry and Betty Bailey. Subsequently, appellants became the beneficiaries of two estates, those of Helen Binder and Alice Bahery. Appellees then filed two motions in garnishment, one naming each estate, requesting the court to issue writs of garnishment for the full amount due under the consent judgment. The trial court entered a Final Judgment in Garnishment ordering the personal representative[1] to pay over enough of the distributive share of the two estates to satisfy the consent final judgment.
Appellants argue, relying on Post & Hobby v. Love, 19 Fla. 634 (Fla.1888), that because the executor is not a debtor of the legatees, but a representative charged with carrying out the deceased’s intent, the trial court erred in ordering the executor of the two estates to pay over to the judgment creditors so much of the distributive shares of the two estates as was necessary to satisfy the writ. Appellee contends that Post is distinguishable from the instant case and was, in any event, superseded by the garnishment statute.[2]
In Post, the supreme court stated the general rule that an executor could not be charged as garnishee with respect to a pecuniary legacy bequeathed by his testator, unless expressly provided by statute. Id. at 639. The Post court cited the reasoning of the Supreme Court of Connecticut in the case of Winchell v. Allen, 1 Conn. 385 (Conn.1815), that allowing such a claim:
would not only embarrass and delay the settlement of estates, but would draw them from Courts of Probate where they ought to be settled, before the courts of common law, who would have no power to adjust and settle his accounts. Such an interference might produce much inconvenience, and prevent the executor from executing his office as the law directs.
Id. at 640. Involving a personal representative in garnishment proceedings risks impairing the performance of his duties and causes him to become embroiled in matters extraneous to his function. The Post court noted, for example, that in some cases writs might be filed by multiple competing creditors requiring considerable time and expense on the part of the personal representative. The court concluded that, absent express statutory regulation, garnish *310 ment of a personal representative to obtain a distributee’s share is improper, at least until after a duty to pay is imposed upon the executor by an order of the probate court. See Lang v. Lang, 17 Utah 2d 10, 403 P.2d 655 (1965); In re Estate of Brennan, 433 P.2d 512, 516 (Wyo.1967); see also Annotation, Garnishment Against Executor or Administrator by Creditor of Heir, Legatee, Distributee or Creditor of Estate, 59 A.L.R. 768 (1929). We cannot find any basis for appellees’ argument that section 77.01, Florida Statutes (1989) has altered the Post rule. See LaGrone, Recovery of a Florida Judgment by Garnishing Wages of the Head of a Family, 16 U.Fla.L.Rev. 196, 197 (1974).
Because our garnishment statute does not expressly provide for garnishment of personal representatives of estates, and because Post, although old, has, as far as we can determine, never been reversed, overruled or even modified, it appears to state the law in Florida.
REVERSED.
DAUKSCH, W. SHARP and GRIFFIN, JJ., concur.

. Appellants were originally the personal representatives of both estates, but, as the final judgment specified, James L. Rose replaced appellants as personal representatives.

. Appellees also contend that by not appearing at the hearing on the Motion for Writ of Garnishment and by not raising this precise issue before the trial judge, appellants waived their objection to entry of judgment against them. We conclude, to the contrary, that the answer filed in garnishment adequately preserved the issue by pleading in some detail the estimated value of the assets of the estate, the known debts, and other claims against the estate and their priorities. In effect, the answer shows that at the moment of the answer, the estate was in the midst of probate and there was no “debt” due to appellants. See § 77.01, Fla.Stat. (1989).