DOWNEY, Judge.
Gerald E. Cowan, as trustee, by cross appeal seeks reversal of an order of the trial court denying him attorney’s fees for the defense of his trust against a writ of garnishment filed by cross appellee, Robert Scherer. We reverse.
It appears that Robert Scherer, the holder of a judgment against Felice Scherer, obtained a writ of garnishment to be served upon Cowan, the trustee of a New *328 York trust, of which Felice Scherer was the beneficiary. Cowan successfully attacked the subject matter jurisdiction of the Florida court, resulting in dismissal of the cause. Cowan then sought attorney’s fees against Robert pursuant to section 77.28, Florida Statutes (1989). The trial court’s denial thereof is the subject of this cross appeal.
Section 77.28 provides, in pertinent part: On rendering final judgment the Court shall determine Garnishee’s costs and expenses, including a reasonable attorney’s fee.... [Jjudgment for the Garnishee shall be entered against the party against whom the costs are taxed....
Cowan maintains that the statute specifically provides for payment of the garnishee’s attorney’s fees in the final judgment. While the order appealed from contains no rationale for the denial of attorney’s fees, Robert contends that fees were properly denied upon authority of Ebsary Foundation Co. v. Barnett Bank of South Florida, N.A., 569 So.2d 806 (Fla. 3d DCA 1990), which denied fees to a trustee bank because the bank resisted the writ of garnishment on its own behalf and for its own interests, rather than as a stake-holder innocently drawn into the controversy. It seems the trust itself was indebted to the bank, individually. Whereas here, Cowan, an innocent stake-holder, was drawn into the action by service of the writ of garnishment. Under those circumstances, the statute applies, First National Bank & Trust Company of Stuart v. Bryan, 427 So.2d 392 (Fla. 4th DCA 1983), and Ebsary is inapposite.
Accordingly, the order appealed from is reversed and the cause is remanded for the determination of reasonable attorney’s fees for the garnishee, Cowan.
REVERSED AND REMANDED with directions.
ANSTEAD and POLEN, JJ., concur.