[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Richard W. Gifford for plaintiff.
Pullman Comley for defendant.
The plaintiff Maurizio Bruni filed a complaint against the defendant Union Trust Company alleging that the defendant failed to honor a bank execution order in the amount of a judgment entered in the plaintiff's favor against a third party, High Ridge Marble Tile Co. ("High Ridge"). The defendant refused to honor the order because High Ridge had defaulted on a loan made by the bank to High Ridge in excess of $600,000. Pursuant to the terms of the loan agreement between the defendant and High Ridge, the latter's failure to pay the principal and interest of the loan when due constituted a default entitling the defendant to setoff the accounts of High Ridge to recover part of the debt. The defendant completed the setoff against High Ridge's account on the same day that it was presented with the bank execution executed by the "sheriff on behalf of the plaintiff. Because High Ridge's indebtedness to Union Trust exceeded the amount of the funds in the account, the account was depleted in its entirety. The plaintiff bases his cause of action on Connecticut General Statutes § 52-367a. That statute provides in part: [i]f any banking institution upon which [a bank] execution [order] is served and upon which such demand is made is indebted to the judgment debtor, it shall pay . . . the amount of such indebtedness. The statute further states: "If such banking institution fails or refuses to pay . . . the amount due on such execution, such banking institution shall be liable in an action therefor to the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied toward the payment of the amount due on such execution." CT Page 6102
The defendant does not rely on the language of § 52-367a. Instead, the defendant argues that it had the right to make the setoff against the deposit in the amount of any matured indebtedness due the bank by the depositor, even if an execution order has been served. The defendant argues that the setoff was permissible even over an execution order because the loan agreement between the bank and High Ridge expressly created in the bank a right of setoff. The defendant further alleges that it had a perfected interest in the assets of High Ridge because it filed UCC-1 Financing Statement with the Secretary of State. As such, the bank contends that the plaintiff was on notice as to High Ridge's indebtedness to the bank as well as the terms of such indebtedness, including the defendant's right of setoff.
The parties agree that the sole issue is whether the setoff executed by the defendant was proper as a matter of law. The parties have filed cross motions for summary judgment.
Generally, a motion for summary judgment will be granted if the pleadings, affidavits and any proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384.
Our appellate courts have not yet had an opportunity to rule on this issue. However, two recent Superior Court decisions . . . indicate that Connecticut has recognized a bank's right of setoff even after receipt of an execution order if the loan agreement provides the right of setoff. See, Norman Josef Enterprises,Inc. v. Connecticut National Bank, 8 C.S.C.R. 667 (May 18, 1993); Eklof Marine Corp. v. American National Bank, 10 Conn. L. Rptr. No. 18,576 (Feb. 21, 1994). Moreover, courts of other jurisdictions support the proposition that a bank setoff is proper in this situation. In Bisco, Inc. v. HWW, Inc., 346 So.2d 134
(Fla.Dist.Ct.App. 1977), the court upheld the bank's right to setoff an account after receipt of an execution order where the account holder's loan with the bank was in default. As in the present case, the loan agreement in that case gave the bank a right of setoff.
Moreover, in Alling v. American Tool and Grinding, Co., Inc.,648 F. Sup. 1344 (D.Colo. 1986), the court found that "a judgment creditor is effectively a competing lien creditor whose interests are subordinate to a previously perfected security interest in the subject collateral." Id. at 1352. Similarly, the court in DickCT Page 6103Wagner Cargo v. Aetna Business Credit, 746 F.2d 126 (2d Cir. 1984), held that a prior perfected security interest in the accounts receivable of a debtor was entitled to priority over a judgment lien against the debtor. Id. at 130. This court is similarly persuaded. In the present case, it is not disputed that the defendant duly perfected a security interest in the accounts of High Ridge. That perfected security interest took the form of the defendant's right to setoff High Ridge's account in the event that the latter defaulted on its loan with the defendant.
In view of the foregoing discussion, this court is persuaded that the setoff executed by the defendant bank was proper as a matter of law. The plaintiff's motion for summary judgment is therefore denied and the defendant's corresponding motion is granted.
Mottolese, Judge