[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Triumph Manufacturing Company obtained a judgment in this case against defendant Heldmann Tool Supply Limited Partnership, and seeks satisfaction by garnishing funds owed Heldmann by Textron Lycoming Turbine Engine Division of Avco Corporation. Fleet Bank, N.A. has filed a claim of superior interest in the Textron funds pursuant to General Statutes § 52-356c.
The essential facts are undisputed. In August 1990, Fleet loaned money to Heldmann and obtained a security interest in Heldmann's accounts receivables. On August 30, 1990, Fleet filed a UCC-1 financing statement with the secretary of the state in accordance with the applicable provisions of the Uniform Commercial Code. In December 1993, Fleet obtained a judgment against Heldmann on the loan, which judgment is presently unsatisfied. The amount of the debt exceeds the amount of Heldmann's receivable from Textron.
The plaintiff manufactured and sold tools to Heldmann during the period October 1992 to March 1993. Heldmann failed to pay for the tools. The plaintiff obtained a prejudgment remedy of garnishment of the Textron account, sued Heldmann in this court and obtained a judgment in the amount of $36,958 plus costs on March 28, 1994. The plaintiff now seeks to execute the garnishment.
The principle basis of the plaintiff's claim to the Textron funds is its possession of a check drawn by Textron, payable to Heldmann, for the tools that Heldmann sold Textron after buying them from the plaintiff. The plaintiff obtained this check during the course of its business dealings with Heldmann, that is, subsequent to Fleet's security interest in Heldmann's accounts receivable. The plaintiff argues that this check, which it cannot present for payment of course, constitutes a "de facto security interest" in the money Textron owes CT Page 8679 Heldmann, the same receivable claimed by Fleet. The plaintiff cites no statute or case law as authority for this theory. The court holds that the argument cannot be sustained.
A perfected security interest in the accounts receivable of a debtor is entitled to priority over a judgment lien on such accounts that is subsequently obtained by another party against that debtor. Bruni v.Union Trust Company, No. CV93 012 47 56 (Superior Court, Stamford J.D., June 21, 1994, Mottolese, J.), 9 CSCR 709
(July 11, 1994); citing Alling v. American Tool andGrinding Co., Inc., 648 F. Sup. 1344 (D. Colo. 1986) andDick Wagner Cargo v. Aetna Business Credit, 746 F.2d 126
(2d Cir. 1984).
In this case, Fleet's security interest in Heldmann's accounts receivable, including the Textron receivable, was perfected long before the plaintiff's prejudgment remedy and subsequent judgment lien. It is also apparent that Fleet's interest was secured before the plaintiff obtained possession of Textron's check to Heldmann. As noted above, the court has concluded that even if the check had been delivered to the plaintiff prior to Fleet's UCC filing, it would not have conveyed any legal or equitable interest in the funds to the plaintiff.
In accordance with the principles enunciated in the cases cited above, this court holds that Fleet has an interest in Heldmann's account receivable from Textron that is superior to that of the plaintiff.
MALONEY, J.