KLEIN, J.
Appellant, a creditor, appeals an order granting a motion to dissolve a writ of garnishment. We affirm.
The creditor, after obtaining a judgment against South Florida Glazing, moved for a writ of garnishment stating that Colonial Bank had property of South Florida Glazing. The bank, on March 21, 2008, filed an answer conceding indebtedness in a specific amount. Five days later, on March 26, the bank filed an amended answer and affirmative defenses asserting that it had a superior right to the funds because of a promissory note from South Florida Glazing to the bank which was in default. The bank asserted that payments due on February 7 and March 7 had not been made. The writ of garnishment was then, over the objection of the creditor, dissolved, and the creditor appeals.
The creditor raises two arguments, first, that the notes were not in default, and, in the alternative, even if they were, the bank had taken no action on the default.
The closest ease on point is Barsco, Inc. v. H.W.W., Inc., 346 So.2d 134 (Fla. 1st DCA 1977), in which the facts were similar to those in the present case. In Barsco the bank, which had been garnished, alleged that the loan was in default because the debtor had sold a piece of property that the debtor was required to retain as collateral for the loan. The debtor was not in default of'the monthly payments, and the bank had taken no action on the default at the time the writ of garnishment was served: The Barsco court, in a case of first impression, adopted the view, on which there was a split of authority, that it was ¡unnecessary for the bank to have taken some affirmative action to accelerate the note prior to the service of the writ of garnishment. The court noted that under the current state of the law, it was the security agreement which determined what constituted an event of default and, under the agreement in Barsco, no affirmative reaction was required by the bank.
The note in the present case provided that the occurrence of any of a number of events “shall, constitute a default,” including the failure to make a payment when due or the entry of a judgment against the obligor. No notice of default was neces•sary. As in Barsco, the note was in default without the need for bank action, and the trial court properly dissolved the writ of garnishment. .Affirmed.
WARNER and TAYLOR, JJ., concur.