W. F. S. COMPANY v. THE ANNISTON NATIONAL BANK OF ANNISTON, ALABAMA

191 So. 300
Division A
Opinion Filed October 6, 1939

*Roscoe Brunstetter,* for Appellant.

*B. R. Cisco, Mitchell D. Price & Charles W. Zaring,* for Appellee.

THOMAS, J.—Appellee, Anniston National Bank, filed its bill of complaint against appellant W. F. S. Company and others seeking the foreclosure of a mortgage given by Chester C. Carson and his wife to Laura S. Davis to secure certain promissory notes and assigned by the mortgagee to the complainant. Appellant was alleged to have some right or interest, the nature of which was unknown to the pleader.

The first question propounded by appellant is the one whether the chancellor erred in striking paragraphs III-VI of the answer averring that the defendant was without knowledge, hence neither admitted nor denied the allegations of paragraphs II-V of the bill. In an amended answer, which was not attacked, the pleader denied the allegations of the bill of complaint because of lack of information to admit or deny them.

No time will be taken discussing the court's ruling because any error which may have been committed became utterly harmless in view of the amended pleading.

We proceed to the next question, *id est,* the correctness of the court's action in striking that part of the answer referred to in the briefs as a counterclaim, which concludes, curiously enough, with no prayer for relief but with the assertion that "the sole method of enforcing its right as a creditor is to require that the entire proceeds of the contemplated foreclosure sale by the plaintiff herein be not distributed but paid into and suffered to remain in the registry of this court pending final determination of the said common law suit No. 13404, which is now pending and is at issue as aforesaid."

The facts which were, for the purpose of considering the motion assumed to be true, and which, if proven, were relied upon to justify a decree impounding the proceeds of the sale of property to satisfy a mortgage given by Carson and held by appellee were: One W. A. Davis delivered

certain notes to one Tangerman which were assigned to Realty Securities Corporation and then to appellant. The maker died and by the terms of his will his son and appellee were named executors. The mortgaged property, a part of the estate, was wrongfully sold by them to Seaview Company, Incorporated, deceitfully and fraudulently and without proper authority, for the purpose of dissipating the assets and defeating appellant's claim. Certain misdeeds on the part of the executor Davis in handling the affairs of the estate in Florida were detailed. Suit for collection of the notes had been instituted and was ready for trial (case No. 13404, *supra*). The property "eventually" became Carson's encumbered by a mortgage owned by Davis as executor and assigned by him to Laura S. Davis, for which was substituted the one involved here.

Because of the manner in which this part of the pleading is framed, particularly the conclusion, treatment of it and the challenge of the court's order is difficult. It was evidently not intended as a defense to the suit. On the contrary it contemplated that the controversy would proceed to final decree and sale and stated that appellant's only remedy as a creditor of the estate was to recover in the common law suit, the while the money from the foreclosure sale remained in the custody of the court, presumably to be applied to the judgment if finally entered. The defendants in the common law suit, the persons involved in the various transactions and the parties charged with fraud and other misconduct are not before the court.

To be specific, the sale from the appellee Anniston National Bank and W. A. Davis, Junior, as executors, to Seaview Company was questioned but the grantee and one of the grantors are not parties to the suit nor is the other grantor a party in that capacity. The mortgage from the executors to Laura S. Davis was alleged to have been fraudulent also

but the mortgagee was not given an opportunity to defend. All persons materially interested in the subject matter of a suit and who would be directly affected by an adjudication of the controversy are necessary parties. Gibson v. Tuttle, 53 Fla. 979, 43 South. Rep. 310; Robinson v. Howe, 35 Fla. 73, 17 South. Rep. 368; Leyvraz v. Johnson, 114 Fla. 396, 154 South. Rep. 159. A study of these opinions and the cases cited in them convinces us that because of the absence of necessary parties, if for no other reason, the court would not have been justified in granting the relief sought by appellant.

It does not seem just that one who asserts that a mortgage is steeped in fraud should be allowed to stand by and see the doubtful title foisted on a purchaser at a master's sale and then have the proceeds applied to some claim which he asserts was defeated by that very fraud, particularly where the interests of other parties are involved. Conceivably this could result in all parties interested in the estate and in the various transactions being drawn into subsequent litigation while appellant went his way with the returns from the sale. This would enable the appellant to gain the advantages of a creditor's bill without the difficulties, disadvantages or hazards of such a proceeding.

We are convinced that the chancellor could not have properly adjudicated, in the state of the pleadings in this foreclosure suit, the validity of the transfers described or in any event the conduct of the affairs of the estate.

We decide that the chancellor should have granted the motion and his order is—

Affirmed.

TERRELL, C. J., and BUFORD, J., concurs.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.