76 So.2d 488 (1954)
Ramon MARTINEZ, Appellant,
v.
Julio BALBIN, also known as Julio C. Balbin, and
Julio C. Balbin, as Acting Executor Under the Last Will and Testament of Pelayo Balbin, deceased (Probate Estate No. 37584; Hillsborough County, Florida), Appellees.
Supreme Court of Florida. Division B.
December 17, 1954.
*489 Oscar Cuesta, Tampa, for appellant.
C.C. Vega, Jr., Harold L. Mittle and William T. Fussell, and William E. Tucker, Tampa, for appellees.
HOBSON, Justice.
This is an appeal from an order of the circuit court, in chancery, dismissing an amended complaint filed by the appellant, Ramon Martinez, against the appellees Julio Balbin, individually and as acting executor under the last will and testament of Pelayo Balbin, deceased, and W.E. Tucker, as administrator ad litem of the estate of Pelayo Balbin, deceased.
In essence, the amended complaint alleged that the plaintiff had, on April 12, 1954, recovered a judgment against Julio Balbin individually in the sum of $1,500, execution upon which was returned nulla bona by the Sheriff of Hillsborough County on April 27, 1954; that Pelayo Balbin had died in 1952, leaving three heirs at law: Julio Balbin, his sister, and his stepmother; that Julio Balbin has no other non-exempt property save his share of the estate; that the assets of the estate total $11,373.18; that each of the heirs was to receive a one-third share; that the estate is ready for distribution; that due to irregularities indulged in by Julio Balbin as executor, consisting of withdrawal of a portion of the estate without authority of law, the probate judge appointed W.E. Tucker as administrator ad litem, to act in conjunction with Balbin as executor; that the assets to which Julio Balbin is entitled are capable of dissipation by him before being subjected to the judgment against him, to the great detriment of plaintiff; that Julio Balbin, subsequent to the entry of plaintiff's judgment against him, assigned all right, title and interest in the estate to the other heirs as a purported gift, or voluntary transfer, and that this transfer was a fraud upon the plaintiff judgment creditor, because it was made while the judgment debtor was insolvent, and in apparent pursuance of the latter's avowed purpose never to pay "one red cent" on the judgment.
Appellant in his amended complaint prayed that the assets of the estate in the hands of the personal representatives belonging to Julio Balbin be impressed with a trust in appellant's favor; that Julio Balbin, as executor, be enjoined from disposing of the estate to which Julio Balbin is entitled as heir; and that the personal representatives be enjoined from paying to Julio Balbin "or to any other person or persons" that portion of the estate to which Julio Balbin is entitled.
Appellant is correct in contending, as he does, that he has no adequate remedy at law. Any direct attempt to levy execution upon the assets of the estate would be squarely opposed to our decision in Brown v. Sweat, 149 Fla. 524, 6 So.2d 538, wherein we construed the relevant language of Sec. 123 of Chapter 16103, Laws of Florida, Acts of 1933, as forbidding such *490 action. This language has been reproduced verbatim in the subsequently enacted F.S. § 733.19, F.S.A., Laws, 1945, c. 22783, § 3. By the time the estate is closed, however, the assets may be placed beyond appellant's reach by the "irregular" and fraudulent activities alleged in his complaint. His only remedy, therefore, is in equity, and the case of Hollingsworth v. Arcadia Citrus Growers Association, 154 Fla. 399, 18 So.2d 159, provides sufficient authority for the bringing of a creditor's bill in these circumstances.
These considerations are urged by the appellant, who contends that the chancellor erred in dismissing his complaint. We agree with appellant that as a creditor's bill the complaint has every appearance of sufficiency, except in one questionable particular which is the sole ground pressed by appellees in their brief: That the alleged transferees, the sister and stepmother of Julio Balbin, are indispensable parties who were not joined as defendants, and no reason for their omission appears from the complaint. Appellant contends in his reply brief that this is an eleventh-hour suggestion, which was not brought to the chancellor's attention, while appellee says that this defect in the complaint was the reason for the chancellor's dismissal of it. The order appealed from is silent as to the ground for dismissal, and omission of the allegedly indispensable parties defendant was not specified as a basis for the motion to dismiss which the chancellor granted. If, however, the omitted parties are truly indispensable, the defect goes to the substance of appellant's case, for the action cannot proceed without them. See the classic test announced by Mr. Justice Curtis in Shields v. Barrow, 1854, 17 How. 129, 135, 15 L.Ed. 158, 160, and ever since adhered to by the federal courts, 3 Moore's Federal Practice, par. 19.07, and by this court, W.F.S. Co. v. Anniston National Bank, 140 Fla. 213, 191 So. 300; Leyvraz v. Johnson, 114 Fla. 396, 154 So. 159; McAdoo v. Moses, 101 Fla. 936, 132 So. 638; Gibson v. Tuttle, 53 Fla. 979, 43 So. 310; Robinson v. Howe, 35 Fla. 73, 17 So. 368. And the substantive defect alluded to may be raised for the first time on appeal, McAdoo v. Moses, supra.
The foregoing decisions, and particularly that of W.F.S. Co. v. Anniston National Bank, supra, place upon us the duty of determining whether or not the alleged transferees have material interests in the subject matter of the controversy which would be directly affected by a decree rendered therein. Reviewing the allegations of the complaint as a whole, we think that the nature of the fraud alleged is such that the transferees are charged with participation in it, that they now occupy the position of beneficial owners of the property sought to be impressed with a trust, and that they must be permitted to come in and defend their interests. Rule 18 of the 1950 Florida Equity Rules, 31 F.S.A., in effect when this suit was filed, places the court "at liberty to make a decree saving the rights of absent parties". It is difficult to see how such a decree could be made in the instant case, however, and we therefore conclude that the rule can have no application here. The two prospective defendants must therefore be given an opportunity in this suit to prove that the transfer to them was not fraudulent under F.S. § 726.01, F.S.A.
The order appealed from is affirmed without prejudice to plaintiff-appellant Martinez further to amend his complaint in accordance with this opinion.
ROBERTS, C.J., and THOMAS and DREW, JJ., concur.