PER CURIAM.
This is an appeal from the trial court’s entry of a Summary Final Judgment on a crossclaim and a denial of a motion to strike and/or quash crossclaim and motion for summary judgment.
Appellant, Loxahatchee River Environmental Control District (ENCON), and ap-pellee, Martin County Little Club, Inc., (Little Club), entered into an agreement whereby Little Club as developer was allowed to construct an interim sewer and wastewater collection system for a project under development. An amendment to this agreement required Little Club to place in escrow with appellee, Hobe Sound National Bank (Bank), certificates of deposit in the name of ENCON in a face value of $44,000. The certificates of deposit were to be held by the Bank until the interim sewer system was connected to a central sewage system, at which time ENCON was to receive the certificates of deposit. The escrow agreement further provided that if ENCON failed to connect the regional sewage and wastewater system to the developer’s system within seven years, Little Club was to receive the certificates.
In the main action, which is not the subject matter of this appeal, damages are sought by ENCON for breach of the agreement. By way of a crossclaim, Little Club sought damages against the Bank based upon the Bank’s breach of the escrow agreement which allegedly had obligated the Bank to transfer certificates of deposit to Little Club. ENCON was not named as a party to the crossclaim filed October 12, 1979. On October 17, 1979, Little Club mailed a copy of a motion for summary judgment on its crossclaim against the *137 Bank to ENCON. A hearing on this motion for summary judgment was scheduled before the trial court on the next day, the Bank apparently having waived the twenty-day notice provision of Rule 1.510(c), Florida Rules of Civil Procedure. In its response to the motion for summary judgment, EN-CON filed a motion to strike and/or quash the crossclaim and motion for summary judgment. ENCON was not given notice of the hearing on the motion for summary judgment and the motion was granted with Summary Final Judgment entered by order dated November 27, 1979.
ENCON has argued that it was an indispensable party and should have been joined in the crossclaim and given notice of the summary judgment. We agree. EN-CON was a party to the escrow agreement as well as the basic underlying agreement with Little Club. ENCON also was the party in whose name the certificates of deposit were issued. Under these circumstances, ENCON certainly was an indispensable party to the crossclaim. That being the case, summary judgment should not have been granted. Issues of fact remained which precluded summary disposition.
We reverse and remand to the trial court for further proceedings with the crossclaim-ant, Martin County Little Club, Inc., having leave to amend its crossclaim.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., and RUTTER, R. WILLIAM, Jr., Associate Judge, concur.