DANIEL S. PEARSON, Judge.
In 1977, the marriage between the appellant, Sara D. Bermudez, and Gustavo L. Bermudez, not a party to this appeal, was dissolved. The final judgment of dissolution incorporated a property settlement agreement which, inter alia, recited that the marital home would be owned jointly by the parties, then sold, and the proceeds divided equally. It appears, however, that unbeknownst to the court, Sara and Gustavo had shortly before the dissolution executed a quit-claim deed conveying the marital home to Gustavo and to their son, the appellee, Jorge M. Bermudez, in exchange for money and a promissory note secured by a mortgage on the property.
Three years later, Sara filed a post-decre-tal motion in the dissolution proceeding seeking to enforce the provision of the property settlement agreement respecting the marital home and, the corollary, to rescind and cancel the quit-claim deed and related instruments. Only Sara and Gusto-vo were parties to this proceeding. The trial court, after conducting an evidentiary hearing, found that Sara executed the deed “in a state of mental weakness and under duress, with no consideration or wholly inadequate consideration and through the undue influence, undue imposition or fraud of [Gustavo].” The court went on to state in its order:
“It is the intention of this Court to rescind and cancel said instruments by subsequent Order. However, as the aforesaid Quit-Claim Deed, Mortgage Deed and Promissory Note named the son of the parties, JORGE M. BERMUDEZ, as a partial Grantee-Mortgagor, JORGE M. BERMUDEZ should be made a party to this action in order to render complete relief to the Respondent/Wife.”
Thereafter, the court, pursuant to Florida Rule of Civil Procedure 1.250, added Jorge as a party, required that he be served with all appropriate pleadings and orders, and provided him time to respond.
Before any further action in the trial court occurred, Gustavo appealed. Jorge, concerned that rights of his may have been adjudicated without his having an opportunity to be heard, joined in the appeal. The Bermudez triangle thus formed, Sara moved to dismiss the appeals asserting (correctly, we think) that the order appealed from did no more than express an intent to rescind and cancel the quit-claim deed, note and mortgage in the future, and resolved no rights of Jorge, who was, admittedly, not yet accorded his due process right to be heard. Thereafter, this court affirmed the trial court’s order without opinion. See Bermudez v. Bermudez, 397 So.2d 780 (Fla. 3d DCA 1981).,
By the time our mandate issued, the case had been reassigned to another trial judge, who, over Sara’s objection, proceeded to conduct a trial on Jorge’s response to Sara’s motion for enforcement of the property settlement agreement between Sara and Gustavo. The trial court, having before it evi *668 dence that Jorge had given good and valuable consideration for the quit-claim deed to him and that Sara was neither defrauded nor under duress or undue influence when she deeded the property to Jorge, denied Sara’s motion for enforcement and refused to rescind or cancel Jorge’s interest in the property. Sara appeals.
Sara’s sole contention is that our mandate in the earlier appeal precluded the trial court from taking any action other than rescinding and cancelling Jorge’s interest in the quit-claimed property. We disagree. While it is arguable that the appeals of Gustavo and Jorge should have been dismissed as taken from a non-appeal-able order, our failure to dismiss these appeals does not supply new and greater meaning to the order. The fact remains that our affirmance of the trial court’s order affected no right of Jorge, since, as Sara then argued, the order itself affected no right of Jorge.[1] As the order recognized, Jorge had an interest in the controversy; his rights would be affected by a complete judgment; and without his join-der, the court could not determine the entire controversy concerning the conveyance. Thus, Jorge was a necessary party to any action seeking to cancel or rescind a conveyance which, in part, was made to him. See W.F.S. Company v. The Anniston National Bank, 140 Fla. 213, 191 So. 300 (1939); Carter v. Howarth, 285 So.2d 442 (Fla. 1st DCA 1973); H.P. Trawick, Jr., Florida Practice & Procedure § 4-4, p. 30-31 (1981). Our af-firmance without opinion and the mandate which followed at most approved the. trial court’s findings in respect to the dispute between Sara and Gustavo and its recognition that Jorge’s rights had not and could not be determined without affording him an opportunity to be heard. The hearing which followed our mandate simply and properly determined Jorge’s rights vis-a-vis Sara and was perfectly consistent with our mandate.
Affirmed.

. Had the order purported to affect the rights of Jorge, who so obviously was not before the trial court as a party, we would have been compelled to reverse.