COPE, Judge.
Appellants Victor Spierer, Herman Peset-sky, and Corky’s Restaurant, Inc. are customers of the City of North Miami Beach municipal water utility, who brought a class action to require the City to pay interest on customers’ deposits. The trial court dismissed the action with prejudice. We reverse.
The complaint alleged in substance that the customers occupy a debtor-creditor relationship with the City, and that the security deposits are a debt on which the City must pay interest at the statutory rate. The complaint also alleged that the failure to pay interest constituted an unfair trade practice in violation of chapter 501, Florida Statutes (1987). The trial court dismissed for failure to state a cause of action.
The City’s authority to operate a municipal water system is derived from *1199 chapter 180, Florida Statutes, and Metropolitan Dade County Code, chapter 32. In the exercise of its rate-setting authority, the City requires the payment of utility deposits by consumers, on which interest is not paid to the consumers. It is not clear on this record whether the City itself receives interest on the utility deposits, or whether the utility deposits are held in non-interest-bearing accounts.
The City’s authority to set rates and charges is limited by the statutory requirement that the rates and charges be “just and equitable.” § 180.13, Fla.Stat. (1987). Under the Metropolitan Dade County Code, “[a]ll rates and charges made, demanded, or received by any public utility for any service rendered, or to be rendered by it, or for any product supplied, or to be supplied by it, and each rule and regulation of such public utility, shall be just and reasonable.” Id. § 32-50.
A civil action is cognizable in circuit court for the purpose of challenging utility rates. As the Florida Supreme Court has said, “The courts may not fix rates but will determine, on behalf of any aggrieved party, whether there has been a deviation from the standard of just and reasonable in fixing rates.” Cooksey v. Utilities Comm’n, 261 So.2d 129, 130 (Fla.1972) (footnote omitted); see City of Pompano Beach v. Oltman, 389 So.2d 283, 285-86 (Fla. 4th DCA 1980) (class action), review denied, 399 So.2d 1144 (Fla.1981); Orlando Utilities Comm’n v. Rosalind Holding Co., 330 So.2d 56 (Fla. 4th DCA 1976); cf. Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976) (challenge of water rates; class action). While the complaint filed below was defective, it is susceptible of amendment to present a justiciable controversy: whether the City’s deposit policies are “just and equitable,” § 180.13, Fla. Stat., or “just and reasonable,” Metropolitan Dade County Code § 32-50.
As a corollary, the customers’ contention that interest must be paid because of debt- or-creditor relationship is incorrect. The cited statute and ordinance permit the City to require utility deposits. The applicable standards for reviewing the reasonableness of the City’s deposit policies are the ones quoted above. Likewise, there is no violation of chapter 501, Florida Statutes. The complaint was properly dismissed for failure to state a cause of action, but the customers should have the opportunity to amend to state a cause of action under the standards of chapter 180, Florida Statutes, and the comparable provisions of the Metropolitan Dade County Code.
The City’s alternative position in the trial court was that the customers had failed to join indispensable parties, namely, the Metropolitan Dade County Water and Sewer Board and the condominium in which Spierer resides. The City has not pressed those contentions here, and any dismissal for failure to join indispensable parties would be without prejudice. See Commodore Plaza v. Saul J. Morgan Enterprises, Inc., 301 So.2d 783 (Fla. 3d DCA 1974), case dismissed, 308 So.2d 538 (Fla.1975).
The present record does not show that the Board is indispensable. The complaint alleges that the City has established the requirements relating to utility deposits and that the City is the party to each utility contact. While the Board has extensive regulatory authority over the utility, see Metropolitan Dade County Code § 32-15, the record before us does not reflect whether the Board has taken regulatory action with respect to customer deposits, nor does it reflect whether the Board’s substantial interests would be affected in such a way as to render the Board an indispensable party. See W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324, 326 (Fla. 3d DCA 1987). While dismissal, or an order to join the Board as a party, would not be appropriate on the present record, our ruling is without prejudice to the City’s renewal of the motion if such a showing can be made.
We reach a different conclusion with respect to the condominium in which plaintiff Spierer resides. The complaint alleges that the condominium has paid the utility deposit and has passed the expense through to the unit owners. As stated in the complaint, the condominium and the City are the only parties to the utility con *1200 tract; Spierer is not a signatory. We assume, without deciding, that although he is not a party to the utility contract, Spierer has alleged sufficient injury to confer standing to challenge the City’s utility rates and charges. See Skaggs-Albertson’s v. ABC Liquors, Inc., 363 So.2d 1082, 1088 (Fla.1978); Breslerman v. Dorten, Inc., 362 So.2d 37, 38 (Fla. 3d DCA 1978); § 718.111(3), Fla.Stat. (1987). The complaint alleges, however, that Spierer’s claims arise by virtue of the utility contract between the condominium and the City. Spierer’s objective in the litigation is to modify the condominium’s rights and obligations under the contract. That being so, the condominium is an indispensable party. Loxahatchee River Environmental Control District v. Martin County Little Club, Inc., 409 So.2d 135, 137 (Fla. 4th DCA 1982) (in contract litigation, the signatories to the contract are indispensable parties); see Bermudez v. Bermudez, 421 So.2d 666, 668 (Fla. 3d DCA 1982) (parties to a conveyance are necessary parties to an action seeking to cancel or rescind it). The City’s position was therefore well taken, and dismissal, or a.n order to join the condominium as a party, was appropriate.
For the reasons stated we agree that dismissal was appropriate, but the dismissal should have been without prejudice. We therefore reverse so much of the order as dismisses the action with prejudice, and remand with leave to amend the complaint, and to join the condominium as an indispensable party.
HUBBART, J., concurs.