664 So.2d 263 (1995)
FRESH DEL MONTE PRODUCE, N.V., Appellant,
v.
CHIQUITA INTERNATIONAL LIMITED, Appellee.
Nos. 94-2377, 94-2516.
District Court of Appeal of Florida, Third District.
October 18, 1995.
Rehearing Denied January 3, 1996.
Steel Hector & Davis and Alvin B. Davis and Brian J. Stack, Miami, for appellant.
Kluger Peretz Kaplan & Berlin and Steven I. Peretz, Miami, Kaye Scholer Fierman Hays & Handler and Peter M. Fishbein, New York City, for appellee.
Before HUBBART, COPE and GREEN, JJ.

*264 ON PETITION FOR WRIT OF CERTIORARI

PER CURIAM.
In the exercise of our discretion, we decline to grant certiorari on the order denying petitioner's motion to dismiss for failure to join an indispensable party and the order denying motion for abatement or stay of proceedings.
We find that the trial court did not abuse its discretion when it denied the motion to dismiss on the grounds of forum non conveniens and affirm the same.
HUBBART and GREEN, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur with the affirmance of the trial court's order denying the motion of Fresh Del Monte Produce, N.V., to dismiss under the doctrine of forum non conveniens.
I respectfully dissent in part to the denial of Del Monte's petition for writ of certiorari. For many years respondent Chiquita International, Ltd., had a contract with a Philippines corporation, Tagum Agricultural Development Corporation ("Tadeco"), under which Tadeco supplied Chiquita with bananas for Chiquita's markets in the Middle East and Asia. In 1994 Tadeco terminated the contract and entered into an agreement to sell its bananas to a Del Monte subsidiary.
Tadeco sued Chiquita in the Philippines and obtained a preliminary injunction which prohibits Chiquita from taking any action to prevent Tadeco's customers from purchasing Tadeco's bananas.[1]
Not to be outdone, Chiquita filed a lawsuit in Dade County, Florida, against petitioner Del Monte. The complaint asks the circuit court to enjoin Del Monte and its subsidiaries from buying any bananas from Tadeco or its owner, Antonio Floirendo.[2]
In my view we should grant certiorari and require that Chiquita's Florida injunction claim be abated in deference to the previously entered Philippines injunction. Nahar v. Nahar, 656 So.2d 225, 229 (Fla. 3d DCA) (en banc), notice to invoke discretionary jurisdiction filed, No. 86,014 (Fla. July 5, 1995); Cardenas v. Solis, 570 So.2d 996 (Fla. 3d DCA), rev. denied, 581 So.2d 163 (Fla. 1991); see also Pacanins v. Pacanins, 650 So.2d 1028 (Fla. 3d DCA 1995); Metropolitan Investment Corp. v. Buchler, 575 So.2d 262 (Fla. 3d DCA 1991); Belle Island Inv. Co. v. Feingold, 453 So.2d 1143 (Fla. 3d DCA), cause dismissed, 459 So.2d 1039 (Fla. 1984).
Certiorari is available "to review orders determining motions to stay a cause pending the disposition of another case." REWJB Gas Investments v. Land O'Sun Realty, Ltd., 645 So.2d 1055, 1056 (Fla. 4th DCA 1994), rev. denied, 654 So.2d 919 (Fla. 1995); Greene v. California Federal Bank, 658 So.2d 1027 (Fla. 4th DCA 1995); Florida Crushed Stone Co. v. Travelers Indemnity Co., 632 So.2d 217, 221 (Fla. 5th DCA 1994); Polaris Public Income Funds v. Einhorn, 625 So.2d 128, 129 (Fla. 3d DCA 1993); Ricigliano v. Peat, Marwick, Main & Co., 585 So.2d 387 (Fla. 4th DCA 1991); see also Leslie Fay Retail Outlets, Inc. v. Gallery Manufacturing Corp., 653 So.2d 1106 (Fla. 3d DCA 1995); Reuther v. Reuther, 524 So.2d 1035 (Fla. 4th DCA), rev. denied, 534 So.2d 401 (Fla. 1988); Robinson v. Royal Bank of Canada, 462 So.2d 101, 102 (Fla. 4th DCA 1985). Chiquita's assertion of injunction claims in Florida clearly violates the already existing Philippines injunction. The potential for inconsistent adjudications between the earlier filed Philippines action and the later filed Florida action is obvious. At a bare minimum, Chiquita's *265 injunction claims should abate pending further proceedings in the Philippines.
We should also grant certiorari insofar as the trial court denied Del Monte's motion to dismiss for failure of Chiquita to join indispensable parties. Chiquita's complaint seeks to enjoin Del Monte and its subsidiaries from purchasing bananas from Tadeco and its owner, Antonio Floirendo. However, Chiquita did not join Tadeco or Floirendo as parties defendant, nor did Chiquita name as a defendant the Del Monte subsidiary which entered into the banana purchase agreement with Tadeco. Florida law is quite clear that where a plaintiff seeks to enjoin the performance of a contract, the parties to the contract are indispensable and must be joined in the lawsuit. Dade Enterprises Inc. v. Wometco Theatres Inc., 119 Fla. 70, 160 So. 209, 214 (1935); 1800 Atlantic Condominium Association v. 1800 Atlantic Developers, 569 So.2d 885, 886 (Fla. 3d DCA 1990); see also W.F.S. Co. v. Anniston National Bank, 140 Fla. 213, 191 So. 300, 301 (1939); Blue Dolphin Fiberglass Pools of Florida, Inc. v. Swim Industries Corp., 597 So.2d 808, 809 (Fla. 2d DCA 1992); Bermudez v. Bermudez, 421 So.2d 666, 668 (Fla. 3d DCA 1982); Loxahatchee River Environmental Control District v. Martin County Little Club Inc., 409 So.2d 135, 136-37 (Fla. 4th DCA 1982).[3] Chiquita can cure this deficiency either by joining the indispensable parties as defendants, or by abandoning the injunction claim.
Certiorari is available to review an order determining a motion to dismiss for failure to join an indispensable party. Mantis v. Hinckley, 547 So.2d 292, 293 (Fla. 4th DCA 1989); Nationwide Mutual Fire Insurance Co. v. Holmes, 352 So.2d 1233, 1234 (Fla. 4th DCA 1977). That is so because it is an essential requirement of law that parties to a contract be heard before the contract is enjoined.
There is some force to Chiquita's argument that the petition for writ of certiorari should be denied in the exercise of discretion, because the trial court's refusal to abate or dismiss was without prejudice to Del Monte to schedule an evidentiary hearing on both issues. However, the conflict with the Philippines injunction is clear, as is the danger of inconsistent adjudication. The law on indispensable parties is also clear, and the potential for procedural unfairness and conflicting decrees is great unless all indispensable parties are brought before the court at the outset.
In sum, (1) I concur in affirming on the issue of forum non conveniens; (2) we should grant certiorari and direct that the Florida injunction claims abate, pending further order of the Philippines court; (3) we should direct that the motion to dismiss for failure to join indispensable parties be granted, with leave either to join the indispensable parties or replead without the injunction claims.
NOTES
[1] The injunction prohibits Chiquita "from in any manner interfering with the business decisions and operations of plaintiff-Tadeco, including but not limited to communicating with local or foreign banana exporters/importers/distributors and/or threatening or performing such acts calculated to stop or dissuade any party from negotiating with plaintiff-Tadeco, and purchasing bananas directly from herein plaintiff-Tadeco or committing any such act or deed as would prevent plaintiff-Tadeco from successfully negotiating and consummating sales of its bananas to parties other than defendant-corporation [Chiquita International]... ."
[2] Chiquita alleges that Del Monte tortiously interfered with Chiquita's long-standing contract with Tadeco, thus causing Tadeco wrongfully to terminate it. The complaint asks for damages as well as injunctive relief.
[3] The failure to join indispensable parties may be raised by motion to dismiss. Fla.R.Civ.P. 1.140(h)(2). The fact that Chiquita has failed to join indispensable parties is clear on the face of the complaint. Further, in support of a motion to dismiss for failure to join indispensable parties, it is permissible to support the motion with evidence outside the complaint. City National Bank of Miami v. Simmons, 351 So.2d 1109, 1110 (Fla. 4th DCA 1977).