755 So.2d 159 (2000)
HOSPITALITY VENTURES OF CORAL SPRINGS, L.C., a Florida limited liability corporation, Appellant,
v.
AMERICAN ARBITRATION ASSOCIATION INC., a New York corporation and AGB Capital Properties, Inc. a Florida corporation d/b/a AGB Capital Construction Company, Appellees.
No. 4D99-3313.
District Court of Appeal of Florida, Fourth District.
March 1, 2000.
Rehearing Denied April 13, 2000.
*160 Lee B. Gartner of Law Offices of Lee B. Gartner, Coral Springs, for appellant.
Edward J. Pozzuoli, and Richard J. Simeone of Tripp Scott, P.A., Ft. Lauderdale, for Appellee-AGB Capital Properties, Inc., a Florida corporation d/b/a AGB Capital Construction Company.
PER CURIAM.
Hospitality Ventures of Coral Springs, L.C. ("Hospitality") contracted with AGB Capital Properties, Inc. d/b/a AGB Capital Construction Company ("AGB Construction") to build a Marriott hotel. After a dispute between them, AGB Construction filed a demand for arbitration with the American Arbitration Association ("AAA") pursuant to paragraph 4.5 of the addendum to the parties' contract.
Hospitality retaliated by filing suit against both AGB Construction and AAA seeking an injunction to stay the arbitration proceedings. The trial court denied Hospitality's emergency motion to stay arbitration on June 24, 1999.
Thereafter, Hospitality filed an ex parte motion for default and default judgment against AAA, which had never filed an answer or otherwise appeared in the lawsuit. On July 28, 1999, the court entered a default final judgment against AAA, precluding it from arbitrating the dispute between Hospitality and AGB Construction.
Once it discovered that a default judgment had been entered, AGB Construction filed a motion to vacate it pursuant to Florida Rule of Civil Procedure 1.540(b). Before the court had an opportunity to rule on the motion, Hospitality filed a voluntary dismissal as to AGB Construction. Nevertheless, following a hearing, the trial court granted the motion to vacate the default judgment on the ground that the final judgment was entered without notice to AGB Construction. Hospitality has appealed this order. This court has jurisdiction. See Fla. R.App. P. 9.130(a)(5).
We affirm the trial court's order for a number of reasons.
First, the entry of a final judgment against AAA was improper, since the complaint did not plead a valid cause of action against it. A default admits only the well-pleaded factual allegations of a complaint, not conclusions of law. See Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747, 749 (Fla. 4th DCA 1997), rev. denied, 717 So.2d 532 (Fla.1998) (citation omitted). Where there is a dispute between the parties to a contract concerning the propriety of arbitration, the proper remedy is for a party to apply to the court for an order compelling or staying arbitration pursuant to section 682.03, Florida Statutes (1999). The only proper parties to a lawsuit under section 682.03 to determine the propriety of arbitration are the parties to the arbitration agreement, not the potential arbitrators. The law does not require potential arbitrators to expend the time and money to participate in a lawsuit where the parties are fighting over the arbitrability of a dispute.
Second, AGB Construction was obviously an indispensable party to this lawsuit. The crux of the case was its right to arbitrate a claim pursuant to contract. No judgment could be entered without affecting its interest. See Martinez v. Balbin, 76 So.2d 488, 490 (Fla.1954). As the supreme court has noted, where "omitted parties are truly indispensable, the defect goes to the substance of [the plaintiff's] case, for the action cannot proceed without them." Id. (citations omitted). It is elementary that no final judgment could be entered in this case without notice to AGB Construction.
Third, contrary to its argument on appeal, Hospitality could not file a voluntary dismissal to deprive AGB Construction of its right to challenge the entry of the default judgment. Because AGB Construction was an indispensable party, there could be no final judgment in this lawsuit unless AGB was a party to it. Had it never been made a party to the lawsuit, *161 AGB Construction could have asserted its rights by intervention or by a motion under Rule 1.540(b) after judgment. See Woginiak v. Kleiman, 523 So.2d 1209 (Fla. 3d DCA 1988); Zoning Board of Monroe County v. Hood, 484 So.2d 1331 (Fla. 3d DCA 1986); Fla. R. Civ. P. 1.230.
The legal issues raised by this appeal are frivolous. We remand the case to the trial court to award attorney's fees to AGB Construction for this appeal pursuant to section 57.105(1) & (2), Florida Statutes (1999).
The order appealed from is affirmed.
STONE, KLEIN and GROSS, JJ., concur.