PER CURIAM.
In this case, petitioners unsuccessfully sought to disqualify the trial judge based upon his rulings adverse to petitioners, and his comments on his knowledge of rainstorms that had affected areas in the Florida Panhandle. We deny relief.
Petitioners sued Walton County, in part, for inverse condemnation and injunctive relief, alleging they suffered property damage caused by a county drainage project. By agreement of the parties, the liability phase of the inverse condemnation action and the claim for injunctive relief were to be decided by the trial judge. During the three-day trial, petitioners submitted photographs of erosion from storm events ranging from “ordinary Florida downpours to a large rainstorm, which occurred on April 30, 2014.” At the close of the arguments on the county’s motion for directed verdict, the trial judge made reference to the evidence and testimony submitted by the parties, stating he was aware of storm damage in a neighboring county resulting from the same storm. At the end of the trial, the trial judge ruled in favor of the county.
Petitioners -filed a timely motion to disqualify, claiming the trial judge had demonstrated bias against them (a) by ruling in the county’s favor by relying on his personal knowledge of neighboring storm damage and (b) by adverse evidentiary rulings. The trial judge denied the motion to disqualify as legally insufficient, and the petitioners now seek a writ of prohibition.
A motion for disqualification is legally sufficient “when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.” Valdes-Fauli v. Valdes-Fauli, 903 So.2d 214, 216 (Fla. 3d DCA 2005). The party seeking disqualification bears the burden to show a well-founded fear of not receiving a fair trial. See Adkins v. Winkler, 592 So.2d 357 (Fla. 1st DCA 1992). “A verified motion for disqualification must contain an actual factual foundation for the alleged fear of prejudice.” Fischer v. Knuck, 497 So.2d 240, 242 (Fla.1986). A mere “subjective fear[ ]” of bias will not be legally sufficient; rather, the fear must be objectively reasonable. Id.
In this ease, our review of the record — including the trial judge’s passing reference to knowledge of events in a neighboring county caused by the April 80, 2014, storm — fails to show a basis for dis *519 qualification. Trial judges are permitted to be aware of events in their own communities, such as storms, flooding, construction projects, and so on. General observations acknowledging such awareness are insufficient to establish a basis for disqualification, absent a more particularized demonstration than was shown in this case. As to the claim that the trial judge ruled against petitioners on certain evidentiary matters, it is well-established that a judge’s adverse rulings may not serve as a basis for disqualification. See Ault v. State, 53 So.3d 175, 204 (Fla.2010); Dep't of Agric. & Consumer Servs. v. Broward Cty., 810 So.2d 1056 (Fla. 1st DCA 2002).
PETITION DENIED.
LEWIS, MAEAR, and WINOKUR, JJ., concur.