# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-900 & 3D16-1019
Lower Tribunal No. 15-2997
_____


**City of Miami,**
Petitioner,

vs.

**Village of Key Biscayne,**
Respondent.


Cases of Original Jurisdiction --  Prohibition.

Victoria Méndez, City Attorney, and John A. Greco, Deputy City Attorney, for petitioner.

Shubin & Bass, P.A., and John K. Shubin and Ian E. DeMello, for respondent.


Before ROTHENBERG, SALTER and SCALES, JJ.

SCALES, J.

The City of Miami (the "City") filed with this Court two, separate petitions for writs of prohibition. Both of the City's petitions seek to prohibit the trial court from further adjudicating a lawsuit by the Village of Key Biscayne (the "Village") against the City and Miami-Dade County regarding the Miami International Boat Show at Marine Stadium (lower tribunal case number 15-2997). The City's first petition (case number 3D16-900) challenges the trial court's denial of the City's motion to disqualify the trial judge. The City's second petition (case number 3D16-1019) challenges the trial court's denial of the City's motion to dismiss, which alleged that the trial court was without subject matter jurisdiction over the case without the inclusion of the National Marine Manufacturer's Association ("NMMA") as a party. We consolidated the City's petitions and, for the reasons expressed below, we deny the City's petition directed to the trial court's disqualification order and dismiss as premature the City's petition directed to the trial court's denial of the City's motion to dismiss.

### *Petition Directed To Trial Judge's Disqualification Order (3D16-900)*

The City sought to disqualify the trial judge because of statements made by the judge during the hearing on the City's motion to dismiss. After the trial court denied the City's recusal motion, the City filed a petition with this court seeking prohibition. Taken in context, the trial court's statements that formed the basis of the City's recusal motion did not create in a reasonably prudent person a well-

2

founded fear of not receiving a fair and impartial trial. Forehand v. Walton Cty.,172 So. 3d 517, 519 (Fla. 1st DCA 2015) (recognizing that "[t]rial judges are permitted to be aware of events in their own communities . . . . General observations acknowledging such awareness are insufficient to establish a basis for disqualification.").

Therefore, we deny the City's petition for writ of prohibition in case number 3D16-900.

*Petition Directed To Trial Court's Order Denying Dismissal Motion – Indispensable Party (3D16-1019)*

The City's other petition seeks a writ prohibiting the trial judge from continuing to adjudicate the case because, according to the City, the Village has failed to join NMMA, whom the City asserts is an indispensable party. Specifically, the City notes that several counts of the Village's amended complaint seek to enjoin performance of the license agreement between the City and NMMA that authorizes NMMA to conduct the Boat Show. The City asserts that NMMA is an indispensable party to the litigation and the trial court is divested of subject matter jurisdiction to adjudicate this case without NMMA as a party.[1]  Before

---

[1] The City's main support for the proposition that the trial court's subject matter jurisdiction dissolves in the absence of an indispensable party comes from cases involving stockholder derivative actions, in which the the stockholders failed to name the corporation, on whose behalf they were suing, as a party. Alario v. Miller, 354 So. 2d 925 (Fla. 1978); Daniels v. Vann, 396 So. 2d 723 (Fla. 4th DCA 1981).

reaching the merits of the City's argument, we first must decide the threshold issue of whether either prohibition or certiorari[2] relief is appropriate under the procedural posture of this case.

While we might agree with the City's contention that NMMA is an indispensable party to this action, we need not reach this issue at this stage of the proceedings through the exercise of the Court's jurisdiction to issue a writ of prohibition.[3] As a general rule, this State's appellate courts employ the writ of

---

[2] In our briefing order, we cited 1800 Atlantic Condominium Association, Inc. v. 1800 Atlantic Developers, 569 So. 2d 885 (Fla. 3d DCA 1990) (reversing the trial court's temporary injunction, holding that when a party seeks to enjoin performance of a contract, both parties to the contract are indispensable to the action). We asked the parties to address whether 1800 Condominum Atlantic Association's principal holding regarding indispensable parties could warrant certiorari review and, if so, whether we should treat the City's prohibition petition as a petition for certiorari. See e.g. Nationwide Mut. Fire Ins. Co. v. Holmes, 352 So. 2d 1233 (Fla. 4th DCA 1977) (granting certiorari for failure to join an indispensable party).

This Court has declined to grant certiorari relief of an order denying a motion to dismiss for failure to join an indispensable party. Fresh Del Monte Produce, N.V. v. Chiquita Int'l Ltd., 664 So. 2d 263 (Fla. 3d DCA 1995) (Mem). In Mantis v. Hinckley, 547 So. 292, 293 (Fla. 4th DCA 1989), a case cited by the dissent in Fresh Del Monte, the Fourth District found "unusual facts" that "demonstrated a lack of an adequate remedy by plenary appeal." No species of unusual facts exists in this case. Therefore, we decline to treat the City's petition as seeking certiorari review of the trial court's order.

[3] While we need not, and do not, reach the issue of whether prohibition is an appropriate remedy when a trial court erroneously denies a motion to dismiss for failure to join an indispensable party, we note that rule 1.140(h) of the Florida Rules of Civil Procedure suggests that a party's failure to join an indispensable party is more akin to a failure to state a cause of action than to a depriving of the trial court of subject matter jurisdiction.

4

prohibition cautiously, and only to prevent impending injury that cannot be remedied on direct appeal. English v. McCrary, 348 So. 2d 293, 297 (Fla. 1977); Snipes v. Fla. Elections Comm'n, 19 So. 3d 1178 (Fla. 4th DCA 2009) (Mem).

At this stage, it would be premature to review the trial court's order denying the City's motion to dismiss. NMMA has filed a motion seeking to intervene in the case, and that motion – which the trial court has characterized as "appropriate" – remains pending. If the trial court grants the motion, such a ruling would seem to moot the City's petition. See English, 348 So. 2d at 297. If the trial court denies the motion, NMMA may appeal such order to this Court as a partial final judgment. See Litvak v. Scylla Props., LLC, 946 So. 2d 1165 (Fla. 1st DCA 2006). Given the pendency of NMMA's motion to intervene, the issuance of a writ of prohibition by this Court could be construed as an impermissible advisory opinion. See State v. Barati, 150 So. 3d 810 (Fla. 1st DCA 2014).

We therefore dismiss as premature the City's petition seeking a writ of prohibition in case number 3D16-1019.

5