# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2053
Lower Tribunal No. 13-37260
_____

**City of Miami,**
Petitioner,

vs.

**346 NW 29th Street, LLC, et al.,**
Respondents.


A Case of Original Jurisdiction – Prohibition.

Victoria Méndez, City Attorney, and Henry J. Hunnefeld, Sr., Senior Assistant City Attorney, and Kerri L. McNulty and Joseph A. Ruiz, Assistant City Attorneys, for petitioner.

Pardo Jackson Gainsburg, Stevan J. Pardo and Nicole R. Rekant, for respondents.


Before LAGOA, SALTER and EMAS, JJ.

EMAS, J.

The City of Miami filed a petition, seeking a writ of prohibition quashing the circuit court's partial summary judgment on liability in favor of the Plaintiff class, 346 N.W. 29th Street, LLC, d/b/a Museo Vault and others ("the Class"). In its petition, the City contends that the trial court acted in excess of its jurisdiction by granting the Class' motion, and offers various arguments in support of this contention. We conclude that these issues are either without merit or are not cognizable by prohibition.[1] Accordingly, we deny the City's petition but write to address the City's principal argument: that the Class claims were barred by the sixty-day jurisdictional non-claim statute (§ 194.171(2), Fla. Stat.), thus depriving the trial court of jurisdiction over this action.

---

[1] The City argues, for example, that the lower court exceeded its jurisdiction in granting partial summary judgment where the Class failed to join indispensable parties, including the Miami-Dade County Property Appraiser. This argument is not properly raised in a petition for writ of prohibition, as the alleged failure to join an indispensable party is ordinarily not an error which deprives the court of subject matter jurisdiction. See City of Miami v. Vill. of Key Biscayne, 199 So. 3d 300, 302 n. 3 (Fla. 3d DCA 2016) (noting "that rule 1.140(h) of the Florida Rules of Civil Procedure suggests that a party's failure to join an indispensable party is more akin to a failure to state a cause of action than to a depriving of the trial court of subject matter jurisdiction."). See also Snipes v. Fla. Elections Comm'n, 19 So. 3d 1178 (Fla. 4th DCA 2009) (holding: "Prohibition lies to prevent a lower tribunal from acting in excess of its jurisdiction, but not to prevent an erroneous exercise of jurisdiction"); Fla. R. Civ. P. 1.140 (h)(2) (providing: "The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time"). We do not reach the merits of the City's claim that the Class failed to join certain indispensable parties.

Pursuant to a 2001 referendum, City of Miami voters approved a proposal to permit certain new and expanding businesses located within the City to apply for an ad valorem tax exemption. In 2002, the City enacted sections 56-110 through 56-122 of the City of Miami Code, an ordinance entitled "Ad Valorem Tax Exemption for Enterprise Zone Businesses." The purpose of the ordinance was to revitalize and rehabilitate distressed areas identified as "enterprise zones" within the City. The ordinance provided specific qualifying requirements as well as procedures for submitting an application, review and approval (or denial) of an application, and appeal from a denial of an application. If approved, the tax exemption was for a term of one year, and could be renewed annually thereafter for a maximum of ten years. See generally Miami, Fla., Code art. V, §§ 56-112 through 56-122 (2002).

In 2013, the Class representative filed a two-count complaint against the City and others, alleging that the City failed to review and approve (or deny) applications submitted pursuant to the City ordinance. Between 2004 and 2011, approximately sixty-seven businesses, each purportedly within the Miami Enterprise Zones, filed applications with the City, seeking approval of an ad valorem tax exemption. It is undisputed that, during the relevant time period, no applicant in this case received written approval of an ad valorem tax exemption

3

pursuant to the City ordinance. It is also undisputed that, during the same relevant time period, no applicant received a written denial of their application.

The City argues that the sixty-day non-claim provision of section 194.171(2) bars the action below and deprives the trial court of jurisdiction. Section 194.171(2) provides:

> No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.

Section 194.171(6) provides that the "requirements of subsection[] (2) . . . are jurisdictional" and that "[n]o court shall have jurisdiction in such cases until after the requirements of [] subsection[] (2) . . . have been met."

While we are doubtful that section 194.171(2) applies to the instant case, we need not decide that issue.[2] Even if section 194.171(2) does apply, the City's

---

[2] The Class does not challenge any action of the county in its tax assessment or certification of the tax roll; instead, the Class challenges the City's action (or inaction) under its own ordinance for approval or denial of applications for a tax exemption. That ordinance contains no provision for issuing a denial within a timeframe that permits the applicant to appeal the denial prior to certification of the tax rolls, or to otherwise contest the denial within sixty days after certification. If we were to hold that the sixty-day non-claim provision of section 194.171(2) applies to this case, the City could wait until the tax rolls are certified and, sixty-one days later, issue its denial of the application for tax exemption. Under this scenario, by the time the City issues its notice of denial, the applicant would already be barred by the non-claim statute from filing an action to contest the denial.

4

position is nevertheless unavailing, because the City did not provide any Class member with a notice of denial of tax exemption in accordance with state law or in compliance with the City's own ordinance. Section 196.193(5), Florida Statutes, which is part of the same statutory framework encompassing section 191.171, provides:

> (5)(a) If the property appraiser determines that any property claimed as wholly or partially exempt under this section is not entitled to any exemption or is entitled to an exemption to an extent other than that requested in the application, he or she shall notify the person or organization filing the application on such property of that determination in writing on or before July 1 of the year for which the application was filed.
>
> (b) The notification must state in clear and unambiguous language the specific requirements of the state statutes which the property appraiser relied upon to deny the applicant the exemption with respect to the subject property. The notification must be drafted in such a way that a reasonable person can understand specific attributes of the applicant or the applicant's use of the subject property which formed the basis for the denial. The notice must also include the specific facts the property appraiser used to determine that the applicant failed to meet the statutory requirements. If a property appraiser fails to provide a notice that complies with this subsection, any denial of an exemption or an attempted denial of an exemption is invalid.
>
> (c) All notifications must specify the right to appeal to the value adjustment board and the procedures to follow in obtaining such an appeal. Thereafter, the person or organization filing such application, or a duly designated representative, may appeal that determination by the property appraiser to the board at the time of its regular hearing. In the event of an appeal, the property appraiser or the property appraiser's representative shall appear at the board hearing and present his or her findings

5

of fact. If the applicant is not present or represented at the hearing, the board may make a determination on the basis of information supplied by the property appraiser or such other information on file with the board.

(Emphasis added.)

It is undisputed that the City did not provide notice in compliance with section 196.193(5). Further, the City failed to comply with its own ordinance in reviewing and determining the Class members' applications for ad valorem tax exemptions. Section 56-116 of the City of Miami Code provides:

> All applications shall be reviewed by the Department [of Economic Development] which shall transmit its findings to the city manager, who shall either recommend approval to the city commission or decline to recommend approval.

The ordinance further provides:

> In the event the city manager declines to recommend approval of an application to the city commission, the applicant shall have the option to appeal the city manager's recommendation directly to the city commission.
>
> Notice to appeal must be presented to the city manager no later than 30 days from the date applicant was notified of denial by the Department. Copies of the original application and notice of denial must accompany appeal. Appeal must offer compelling reasons why the city commission should consider the application for approval.

Miami, Fla., Code art. V, § 56-117 (2002) (emphasis added).

As set forth above, the City ordinance provides a mechanism for appeal from a denial of an application, but the timeframe within which to appeal (thirty

days) commences on "the date applicant was notified of denial" by the City's Department of Economic Opportunity.  Id. That notification of denial never occurred.  Further, the ordinance provides that the City's "notice of denial must accompany appeal."  Id.  It stands to reason that, if the City never denied the application and never issued its notice of denial, the applicant could not appeal or comply with the ordinance's directive that the City's "notice of denial must accompany the appeal." Id.

The City counters that, notwithstanding the City's failure to provide the Class members with a notice of denial of their applications, the county's issuance of annual TRIM notices[3] is the equivalent of a denial and, thus, sufficient to trigger commencement of the sixty-day non-claim period under the statute.  However, a similar argument was rejected by the First District in Genesis Ministries, Inc. v. Brown, 186 So. 3d 1074 (Fla. 1st DCA 2016).  In Genesis, the First District held that the failure of a property appraiser to strictly comply with statutory notice provisions in section 196.193(5) tolled the running of the sixty-day period within which to bring an action contesting a tax assessment. In reaching its decision, the court explained:

---

[3] Pursuant to sections 200.065 and 200.069, Florida Statutes, the county property appraiser is required each year to prepare and mail, to each taxpayer in the county, a notice of proposed property taxes.  This is commonly referred to as a "TRIM" (**TR**uth **I**n **M**illage) notice.

7

> The Legislature has made clear that the property appraiser's failure to comply with the notice requirements in section 196.193(5) has consequences: "If a property appraiser fails to provide a notice that complies with this subsection, any denial of an exemption or an attempted denial of an exemption is invalid." § 196. 193(5)(b), Fla. Stat. This statutory provision would be meaningless if, as Appellees argue, Genesis was barred from challenging the denial of its exemption for 2013 when it was not provided notice of the denial simply because its property was listed on the 2013 tax rolls and Genesis did not file suit within 60 days after the tax rolls were certified.

Id. at 1082. See also Chihocky v. Crapo, 632 So. 2d 230 (Fla. 1st DCA 1994) (holding that failure of the property appraiser to strictly comply with statutory notice provisions tolls the running of the sixty-day period within which to bring an action contesting a tax assessment).

We agree with the First District's decision in Genesis and find its reasoning applicable to the instant case. The City did not provide the Class members with a notice of denial in compliance with section 193.193(5)(b); nor did the City provide the Class members a notice of denial in compliance with the City's own ordinance. We hold that the sixty-day non-claim statute did not bar the action or deprive the trial court of jurisdiction.

The City's petition for writ of prohibition is denied.