# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1568 and 3D21-746
Lower Tribunal No. 19-27222
_____

**Dulce Kermes,**
Petitioner/Cross-Respondent,

vs.

**Citizens Property Insurance Corporation,**
Respondent/Cross-Petitioner.

On Petitions for Writ of Certiorari from the Circuit Court for Miami-Dade County, Mavel Ruiz and Carlos Lopez, Judges.

Barket Law, P.A., and Matthew A. Barket; Colson Hicks Eidson, and Wm. Allen Bonner, for petitioner/cross-respondent.

Lewis Brisbois Bisgaard & Smith LLP, and Kathryn L. Ender, for respondent/cross-petitioner.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

This consolidated proceeding involves two related petitions for certiorari. The litigation below arises out of an insurance claim filed by Dulce Kermes with her insurer, Citizens Property Insurance Corporation, following a water leak to her home. After Kermes filed suit, Citizens filed a motion to dismiss, asserting that Kermes failed to join an indispensable party. The indispensable party, according to Citizens, is Kermes' estranged husband. Kermes acknowledges that she and her husband own the home as tenants by the entireties, but avers he has not lived in the home for fifteen years, and is not named as an insured under the policy.

The trial court initially granted Citizens' motion to dismiss for failure to join her husband an indispensable party. The dismissal order was entered without prejudice, allowing Kermes to file an amended complaint joining her husband. After entry of that order, Kermes filed the instant petition with this court (3D20-1568) as well as a motion for reconsideration with the trial court. While the certiorari petition was pending, the trial court granted Kermes' motion for reconsideration, vacated the order of dismissal, concluded that Kermes could proceed without the joinder of her husband, and denied Citizens' motion to dismiss.[1] Citizens filed its petition for writ of certiorari

[1] Unlike the filing of an appeal from a final order—which generally divests the trial court of jurisdiction—the filing of a petition for writ of certiorari challenging an interlocutory order does not divest the trial court of jurisdiction

2

(3D21-746) seeking review of that subsequent order denying the motion to dismiss for failure to join an indispensable party.

We dismiss as moot Kermes' petition. See, e.g., Marshalls of M.A., Inc. v. Witter, 186 So. 3d 570 (Fla. 3d DCA 2016) (dismissing petition for certiorari as moot where, during pendency of certiorari proceedings, trial court granted petitioner the relief it was seeking in its petition); State Farm Fla. Ins. Co. v. Bellamy, 302 So. 3d 1081, 1082 (Fla. 1st DCA 2020) (dismissing petition for certiorari as moot where the lower court set aside the order under review).

Further, we dismiss for lack of jurisdiction Citizens' petition seeking certiorari review of the trial court's subsequent order denying its motion to dismiss for failure to join Kermes' husband as an indispensable party. See Citizens Property Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012) (holding that before a court may grant certiorari relief from the denial of a motion to dismiss, petitioner must establish the following three elements: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be

---

and, absent a stay, the filing of such a petition does not prevent the trial court from proceeding to adjudicate the case. See Gibraltar Private Bank & Trust v. Schacht, 220 So. 3d 1234, 1235 (Fla. 3d DCA 2017); State Farm Fla. Ins. Co. v. Bellamy, 302 So. 3d 1081, 1082 (Fla. 1st DCA 2020).

corrected on postjudgment appeal.... The last two elements are jurisdictional and must be analyzed before the court may even consider the first element.") (additional citations omitted). See also City of Miami v. Village of Key Biscayne, 199 So. 3d 300, 302 n. 2 (Fla. 3d DCA 2016) (noting: "This Court has declined to grant certiorari relief of an order denying a motion to dismiss for failure to join an indispensable party. Fresh Del Monte Produce, N.V. v. Chiquita Int'l Ltd., 664 So. 2d 263 (Fla. 3d DCA 1995) (Mem). In Mantis v. Hinckley, 547 So. 2d 292, 293 (Fla. 4th DCA 1989), a case cited by the dissent in Fresh Del Monte, the Fourth District found 'unusual facts' that 'demonstrated a lack of an adequate remedy by plenary appeal.' No species of unusual facts exists in this case. Therefore, we decline to treat the City's petition as seeking certiorari review of the trial court's order.")

Petitions dismissed.